*In re* FORFEITURE OF UNITED STATES CURRENCY

Docket No. 95022. Submitted March 8, 1988, at Detroit. Decided May 26, 1988.

Uniformed Detroit police officers riding in a marked car in a high-crime area with a reputation for drug dealing observed claimants, James Wilson and Eugene Stevens, with a paper bag containing money and white pieces of paper. Wilson saw the police and put the bag under his jacket. The officers approached the claimants with their guns drawn and asked them to stop and show them what was in the bag. The bag contained bills of large denomination and prescription drug forms. The claimants identified themselves. The officers noted that the prescription forms were not in the names of the claimants, arrested the claimants and seized the bag and its contents. The prosecutor thereafter petitioned in the Wayne Circuit Court for the forfeiture of the $6,300 found in the bag. The claimants responded with a motion to suppress the evidence. The trial court, William Leo Cahalan, J., denied the petition for forfeiture and granted the motion to suppress the evidence. The prosecutor appealed,

The Court of Appeals *held:*

The officers had a particularized and objective basis for suspecting the claimants of criminal activity on the basis of the totality of the circumstances. The investigative stop was justified and the order suppressing the evidence is reversed.

Reversed.

1. APPEAL — MOTIONS AND ORDERS — EVIDENCE — SUPPRESSION OF EVIDENCE.

The Court of Appeals will not reverse the grant or denial of a motion to suppress evidence unless the trial judge's decision is clearly erroneous.

REFERENCES

Am Jur 2d, Appeal and Error § 268.

Am Jur 2d, Searches and Seizures §§ 41 *et seq.,* 102.5, 103.

Lawfulness of warrantless search of purse or wallet of person arrested or suspected of crime. 29 ALR4th 771.

Search and seizure: "furtive" movement or gesture as justifying police search. 45 ALR3d 581.

2. Searches and Seizures — Investigatory Stops — Articulable
   Suspicions.

> Observation by uniformed police officers of a person carrying a
> large amount of money and papers which could be prescription
> drug forms in a paper bag in a high-crime area where drug
> dealing is common and who hides the bag under his jacket
> when approached by the officers may provide an objective basis
> for an articulable suspicion justifying an investigative stop by
> the officers.

*John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Chief of the Criminal Division, Civil and Special Litigation, and *A. George Best, II,* Assistant Prosecuting Attorney, for appellant.

*Robert Mann,* for appellee.

Before: Doctoroff, P.J., and Cynar and P. D. Houk,* JJ.

Per Curiam. The Wayne County prosecutor appeals as of right from the trial court's order denying the prosecutor's petition for forfeiture of $6,-300 in United States currency, pursuant to MCL 333.7521 *et seq.*; MSA 14.15(7521) *et seq.* The trial court denied the petition on the ground that the evidence necessary to support it was illegally seized from the claimants, James Wilson and Eugene Stevens. We reverse.

The Detroit police officers who seized the property testified that they were in uniform, cruising in a marked police car, when they observed the claimants on the corner of Gratiot and Holcomb. The officers observed Stevens pass a brown paper bag to Wilson. Wilson glanced at the police car and put the bag under his jacket. The officers knew the neighborhood to be a high-crime area with a reputation for drug dealing. The officers were suspicious and followed the claimants. The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

officers saw Wilson draw money and white pieces of paper from the bag. Based on these observations, the officers approached the claimants with drawn guns and asked them to stop.

The officers asked the claimants what they were doing and what they had. The claimants showed them the bag which contained bills of large denomination and prescription forms. The claimants identified themselves and the officers noted that the names on the prescription forms were not the names of the claimants. The claimants were arrested and the paper bag and its contents seized.

The trial court found that the claimants' Fourth Amendment rights were violated and accordingly suppressed the evidence and denied the forfeiture. This Court will not reverse a denial or grant of a motion to suppress evidence unless the trial judge's decision is clearly erroneous. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983).

The trial court relied on *People v Shabaz,* 424 Mich 42; 378 NW2d 451 (1985), finding that the officers stopped the claimants without an articulable suspicion justifying a *Terry* stop. *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). We disagree with the trial court's conclusion and find that this case is distinguishable from the situation in *Shabaz.*

As in *Shabaz,* the officers here were not investigating a recent crime, they did not recognize the claimants nor were claimants the subjects of warrants, and the claimants did not resemble someone suspected of committing a crime. However, on the basis of the totality of the circumstances, we find that the officers here had a particularized and objective basis for suspecting the claimants of criminal activity. See *Shabaz, supra,* p 55.

First, the officers in this case knew the neighborhood as a high-crime area where drug dealing was

common. This is a valid consideration contributing to an articulable suspicion. *Shabaz, supra,* p 60. Second, the officers observed that the paper bag contained money and white slips of paper. Carrying large amounts of money in a paper bag is unusual, even if not unlawful. The officers' observation of a large sum of cash and papers which could be prescription forms provided an objective basis for their suspicion that claimants were involved in a drug deal. In *Shabaz,* the police officers only saw the paper bag and never saw its contents. Third, the officers in this case were uniformed and riding in a marked car. In *Shabaz,* the officers were not uniformed or in a marked car and they approached the defendant with drawn guns without identifying themselves. *Shabaz, supra.* In *Shabaz,* the defendant's flight was ambiguous under the circumstances, but, in this case, the claimants knew that they were being approached by police officers, which makes their furtive conduct suspicious.

We find that the facts in this case amount to an articulable suspicion justifying the officers' investigative stop. The trial court's order suppressing the evidence is reversed.

Reversed.