ELLIOTT v SMITH

1. CORPORATIONS—LEGAL ENTITY—SOLE STOCKHOLDER.

A corporation is a separate and distinct legal entity notwithstanding that an individual was the sole stockholder, president, and one of the directors; to find that the operation of the corporation was a business, enterprise, or activity of such an individual would require disregard of the corporate entity and the Court of Appeals will not so find in the absence of a record which indicates an abuse of the corporate privilege so as to justify or require disregard of the distinct legal existence of the corporation.

2. WORKMEN'S COMPENSATION—EMPLOYERS AND EMPLOYEES—CORPORATIONS—INDIVIDUAL BUSINESS.

The statute requiring that a workmen's compensation insurance policy shall cover all the businesses the employer is engaged in and all the employees he may employ in any of his businesses during the period covered by the policy does not include a corporation of which the employer was the sole stockholder, president, and one of its directors, because the corporation was not a business, activity, or enterprise of the employer individually (MCLA 414.4).

3. FRANCHISES—AUTOMOBILE DEALERS—WORKMEN'S COMPENSATION—CONTRACTORS—STATUTORY EMPLOYERS.

The contractual relationship and economic interdependence of an automobile dealer and the manufacturer does not justify by virtue of the franchise agreement so broad a reading of a workmen's compensation statute as to constitute the manufacturer the statutory employer for whom the dealer was the contractor who was performing "work undertaken by the principal" (MCLA 411.10).

Appeal from the Workmen's Compensation Ap-

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur 2d, Corporations §§ 13, 15, 17.
[2] 58 Am Jur, Workmen's Compensation § 150.
[3] 58 Am Jur, Workmen's Compensation § 139.

peal Board. Submitted Division 2 February 12, 1973, at Grand Rapids. (Docket No. 13330.) Decided May 23, 1973. Leave to appeal denied, 390 Mich 767.

Betty L. Elliott, widow of Allen Elliott, presented her claim for workmen's compensation against Robert Smith, doing business as Smitty's Pure Service, the Michigan State Accident Fund, Bob Smith Ford, Inc., and Ford Motor Company. The workmen's compensation hearing referee determined that decedent suffered a compensable injury, but that Bob Smith Ford, Inc., was not insured. On appeal, the appeal board determined that Bob Smith Ford, Inc., was insured by the State Accident Fund. Robert Smith and the State Accident Fund appeal by leave granted. Finding that the Bob Smith Ford, Inc., was insured by the State Accident Fund is reversed. Affirmed in part.

*Rapaport, Siegrist, Sablich & Mitchell,* for plaintiff.

*Munroe & Nobach, P. C.* (by *John C. McIntosh),* for defendant Robert Smith.

*Joseph C. Cox,* for defendant Bob Smith Ford, Inc.

*William J. Devers, Jr.,* and *John M. Hammerly,* for defendant Ford Motor Company.

*Norman F. Hammer,* for defendant Michigan State Accident Fund.

Before: McGREGOR, P. J., and QUINN and PETERSON,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

McGREGOR, P. J. By leave granted, appellants seek reversal of a decision by the Workmen's Compensation Appeal Board, dated December 10, 1971, which modified the decision of the hearing referee and held that Bob Smith Ford, Inc., was insured by the Michigan State Accident Fund at the time of the injury for which compensation is sought.

On July 26, 1967, Bob Smith Ford, Inc. was duly incorporated by the filing of Articles of Incorporation with the Michigan Department of Treasury. Robert H. Smith was the sole owner of the stock of the corporation, its president, and one of the directors.

This newly-formed corporation purchased a Fowlerville Ford dealership with the intention of relocating the dealership next to Smitty's Pure Oil Service. At this time, the same Robert H. Smith was the sole proprietor of Smitty's Pure Oil Service, a filling station doing business under a duly filed assumed name.

Robert H. Smith, doing business as Smitty's Pure Oil Service, was insured by the defendant Michigan State Accident Fund.

Plaintiff's decedent was hired by Bob Smith Ford, Inc., as a salesman. During the week of August 14, 1967, the newly-acquired dealership was moved to its new location adjacent to Smitty's Pure Oil Service. Decedent, while assisting in this move, suffered and died of a heart attack, on August 18, 1967.

On August 4, defendant Bob Smith Ford, Inc., had applied for workmen's compensation insurance through one Harold Robb, an agent for defendant Michigan State Accident Fund. However, the policy was not issued until August 22, 1967, four days after the death of plaintiff's decedent.

The Workmen's Compensation Hearing Referee determined that decedent suffered a compensable injury arising out of and in the course of his employment with Bob Smith Ford, Inc., and that the corporation was uninsured at the time of the decedent's injury. Upon appeal to the Workmen's Compensation Appeal Board, the hearing referee's finding of compensable injury was affirmed, but the appeal board found that Bob Smith Ford, Inc., was insured by defendant State Accident Fund at the time of decedent's fatal injury, pursuant to MCLA 414.1; MSA 17.195.

On appeal to this Court, the first issue is whether the insurance coverage afforded Robert H. Smith, doing business as Smitty's Pure Oil Service, also covered Bob Smith Ford, Inc., by virtue of MCLA 414.1; MSA 17.195.

MCLA 414.1; MSA 17.195 provides in part:

"Every insurance company or organization mentioned in this section issuing an insurance policy to cover any employer not permitted to carry his own risk under subdivision 'first' of this section, *shall in 1 and the same insurance policy, insure, cover and protect all the businesses, employees, enterprises and activities of such employer,* and each and every policy of insurance covering workmen's compensation in this state shall contain the following provisions: * * *

"(d) That this insurance contract or policy *shall for all purposes* be held and deemed to *cover all the businesses the said employer is engaged in* at the time of the issuance of this contract or policy *and all other businesses, if any, said employer may engage in during the life thereof, and all employees the said employer may employ in any of his businesses during the period covered by this policy;"* (Emphasis added.)

Plaintiff's position is simply that Bob Smith Ford, Inc., was a business, enterprise, or activity of Robert H. Smith, doing business as Smitty's Pure

Oil Service, and hence the insurance covering the latter covered the former. This argument is a logical result of the admittedly broad language of the statute, and the judicial policy of construing the workmen's compensation act liberally to effectuate its fundamental purpose. *Sheppard v Michigan National Bank,* 348 Mich 577 (1957); *Palazzo v Bradley,* 355 Mich 284 (1959); *Glick v H A Montgomery Co,* 22 Mich App 678 (1970).

Nonetheless, the statute states that the insurance policy must cover "all the businesses, employees, enterprises and activities of such employer". It is not disputed that the decedent's employer was Bob Smith Ford, Inc., *not* Robert H. Smith. The corporation is a separate and distinct legal entity, notwithstanding the fact that Robert H. Smith was the sole shareholder, president of the corporation, and one of the directors. To find that the operation of the Ford dealership was a business, enterprise, or activity of Robert H. Smith, individually, would require disregard of the corporate entity.

There is nothing in the record which indicates an abuse of the corporate privilege to justify or require our disregard of the distinct legal existence of Bob Smith Ford, Inc. There is no allegation that the corporation was created or operated for the purpose of avoiding statutory obligations or frustrating basic public policies. *Paul v University Motor Sales Co,* 283 Mich 587, 602 (1938); *Fors v Farrell,* 271 Mich 358, 370 (1935); *Charles E Austin, Inc v Secretary of State,* 321 Mich 426, 435 (1948). Nor is it contended that Bob Smith Ford, Inc. is a mere agent or *alter ego* of Robert H. Smith. *People ex rel Attorney General v Michigan Bell Telephone Co,* 246 Mich 198, 204 (1929); *Herman v Mobile Homes Corp,* 317 Mich 233, 243

(1947). Further, there is no evidence that the accounts or records of Robert H. Smith and the corporation were commingled or that funds were transferred indiscriminately from one to the other. See *Hudson v Allen,* 11 Mich App 511, 518 (1968). The words of Justice TALBOT SMITH, in *Gottlieb v Arrow Door Co,* 364 Mich 450, 452. (1961), are appropriate here:

"The argument made would require us to deny the corporate entity, and solely because of its size. There is, however, no requirement in Michigan law today that for valid corporate existence there must be a specified, or a minimum, number of stockholders. Nor do we find allegations or proofs of fraud, sham, or other improper use of the corporate form justifying our 'piercing the veil' of corporate existence. The one-man corporation, so-called, is no stranger to the law. That a corporation is under the domination of a principal stockholder who may be entitled to all of its profits violates no requirement of our statute law, is not opposed to public policy, and constitutes no fraud on creditors."

Accordingly, we hold that Bob Smith Ford, Inc., was decedent's employer and the operation of the dealership was not a business, activity, or enterprise of Robert H. Smith individually. Defendant Michigan State Accident Fund is, therefore, not liable under MCLA 414.1; MSA 17.195 for the compensation award.

Plaintiff, however, raises one further point. She contends that the Ford Motor Company was the decedent's statutory employer by virtue of MCLA 411.10; MSA 17.150, which provides, in pertinent part:

"Sec. 10. (a) Where any employer subject to the provisions of this act (in this section referred to as the principal), contracts with any other person (in this section referred to as the contractor), who is not subject

to this act or who has not complied with the provisions of section 1 of part 4 and who does not become subject to this act or comply with the provisions of section 1 of part 4[1] prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed: Provided, That the term 'contractor' shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract."

For purposes of this statute it is urged that Ford is the principal and Bob Smith Ford, Inc., is the contractor who is performing "work undertaken by the principal". The restrictive nature of modern franchise agreements is stressed to establish a relationship between Ford and the dealership distinguishable from that between most manufacturers and retailers.

This argument has merit and counsel's ingenuity in making it is to be commended. However, we are unable to concede that, by virtue of the franchise agreement, the dealership, whose business is the retail sale of new and used automobiles, has undertaken the work of Ford, whose business is the manufacture of cars and other transportation equipment. The contractual relationship and economic interdependence of the dealership and Ford

---

[1] Section 414.1.

does not justify so broad a reading of MCLA 411.10; MSA 17.150.

Finally, no issue of estoppel to deny insurance coverage having been raised by the parties, it will not be considered or decided here.

The finding of the Workmen's Compensation Appeal Board, that Bob Smith Ford, Inc., was insured by defendant State Accident Fund at the time of decedent's death is reversed.

The finding below, that Ford Motor Company is not liable under MCLA 411.10; MSA 17.150, is affirmed.

All concurred.