SMITH v MICHIGAN STATE ACCIDENT FUND

OPINION OF THE COURT

1. ESTOPPEL—INSURANCE—WORKMEN'S COMPENSATION—INSURANCE COVERAGE.

    A trial court's finding that the Michigan State Accident Fund is estopped from denying coverage to plaintiffs is reversible error where the finding is based upon inapplicable authority and where the record contains no proof of conduct by the fund calculated to mislead plaintiffs or which misled plaintiffs.

DISSENT BY BEASLEY, J.

2. JUDGMENT—FINDINGS OF FACT—EVIDENCE—AFFIRMANCE.

    A trial judge's findings should be affirmed where they are supported by the evidence.

Appeal from Livingston, Charles L. Brown, J. Submitted May 4, 1976, at Lansing. (Docket No. 24486.) Decided March 1, 1977.

Complaint by Robert H. Smith and Bob Smith Ford, Inc., against the Michigan State Accident Fund and Harold Robb for reimbursement of money paid as workmen's compensation upon the death of one of plaintiff's employees. Judgment for plaintiff against the State Accident Fund, and judgment of no cause of action in favor of Harold Robb. Michigan State Accident Fund appeals. Reversed.

*Joseph C. Cox,* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 670.
[2] 76 Am Jur 2d, Trial § 1250 *et seq.*

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.* (by *James A. Sullivan)* for Michigan State Accident Fund.

Before: DANHOF, C. J., and QUINN and BEASLEY, JJ.

QUINN, J. The general factual background of this litigation may be found in *Elliott v Smith,* 47 Mich App 236; 209 NW2d 425 (1973). Facts pertinent to the present action and not reported in *Elliott* are:

1. The premium for insurance was paid August 22, 1967, four days after the employee's death.

2. The application for insurance provided that there was no insurance in effect until the application was approved by Michigan State Accident Fund at its home office. Plaintiffs were independently so advised at least three times.

3. Between August 4, 1967, when the application was received at the home office of Michigan State Accident Fund, and August 22, 1967, when the policy issued, three letters were sent to Robb by Michigan State Accident Fund seeking further information with regard to plaintiff's application. Robb acknowledged receipt of these letters, copies of which were sent to plaintiffs.

The judgment below, from which Michigan State Accident Fund appeals, found that Robb was the agent of Michigan State Accident Fund; that the latter was estopped from denying insurance coverage with respect to plaintiffs' deceased employee and was negligent in handling plaintiffs' application. The judgment required Michigan State Accident Fund to reimburse plaintiffs for all monies paid as a result of the employee's death and to pay any unpaid sums required by the Workmen's Compensation Appeal Board's decision of December 10,

1971. A judgment of no cause of action entered as to Robb, from which there is no appeal.

We reverse for the following reasons:

1. The finding that Robb was an agent of Michigan State Accident Fund is clearly erroneous. It is contrary to the record.

2. The finding that Michigan State Accident Fund was negligent in handling plaintiffs' application for insurance is clearly erroneous. It lacks record support.

3. In holding that Michigan State Accident Fund was estopped from denying coverage, the trial court relied on cases which involved payment of premium at the time of applying for insurance. Those authorities are inapplicable to this case. This record contains no proof of conduct on the part of Michigan State Accident Fund calculated to mislead plaintiffs and which misled plaintiffs. Estoppel was inapplicable.

Reversed with costs to Michigan State Accident Fund.

DANHOF, C. J., concurred.

BEASLEY, J. *(dissenting)*. In this case, the majority would reverse. I dissent.

It is often said that hard cases make bad law. This is a hard case.

I have carefully reviewed the trial judge's written opinion. His findings are supported by the evidence. I believe he reached the correct result.

I would affirm.