SMITH v MICHIGAN STATE ACCIDENT FUND

Docket No. 59718. Decided July 24, 1978. On application by plaintiffs for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and reinstated the judgment of the circuit court.

Robert H. Smith and Bob Smith Ford, Inc., brought an action for reimbursement of workmen's compensation benefits paid for the death of the plaintiffs' employee, Allen Elliott, against the Michigan State Accident Fund and Harold Robb, an insurance agent. The plaintiffs, who were already insured by the State Accident Fund, arranged to have defendant Robb submit their application for workmen's compensation insurance for a new automobile dealership to defendant Michigan State Accident Fund. The application was received by the insurer on August 4, 1976, but the policy was not processed until August 22 because the employee processing the application had failed to follow the normal procedure of assigning the application to another employee when he went on vacation, and the insurer altered the application to make it effective August 22. The plaintiffs opened their automobile dealership on August 15 and on August 18 an employee, Allen Elliott, died as the result of a work-related accident. The Livingston Circuit Court, Charles L. Brown, J., gave a judgment for the plaintiffs against the Michigan State Accident Fund on the ground that the insurer was estopped to deny coverage after accepting the plaintiffs' premium, and a judgment of no cause of action for defendant Robb. The Court of Appeals, Danhof, C.J., and Quinn, J. (Beasley, J., dissenting), reversed on the ground that the trial court's finding was clearly erroneous (Docket No. 24486). Plaintiffs apply for leave to appeal. *Held:*

A finding of a trial court sitting without a jury may be set aside on appeal as "clearly erroneous" where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. The decision of the trial court that the Michigan State Accident Fund's negligence in processing the application precluded it from denying coverage has

support in the record and is not clearly erroneous under this standard.

The judgment of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

73 Mich App 719; 252 NW2d 556 (1977) reversed.

*The Cox Law Firm, P.C.* for plaintiffs.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *James A. Sullivan),* for defendant Michigan State Accident Fund.

PER CURIAM. The question is whether the trial court's decision that the Michigan State Accident Fund was estopped from denying coverage to appellant has record support.

Robert Smith's service station business was insured for workers' compensation by the State Accident Fund (SAF). Smith contacted a licensed insurance agent named Robb to arrange procurement of workmen's compensation insurance for another business—an automobile dealership. Robb submitted an application which was received by the SAF on August 4, 1967. Correspondence took place between Robb and an employee of SAF concerning information about the application. The employee for the SAF which handled the policy application went on vacation on August 11, 1967 and returned to work on August 21, 1967. The policy was not processed until August 22 because the employee had failed to follow the normal procedure of assigning the application to another employee. The SAF struck the desired effective date of August 4 on Smith's application and replaced it with August 22.

Smith thought he had coverage and on August 15 prepared to open the dealership. On August 18, an employee died due to a work-related accident.

Smith brought suit against the SAF and Robb[1] to recover workmen's compensation benefits paid to the deceased employee and on March 25, 1975 the trial court issued an opinion favorable to Smith. The gist of the trial court's 16-page opinion is as follows:

"For the above reasons, and the other reasons stated in this opinion, this court concludes, and finds as a fact, that defendant, Michigan State Accident Fund, was negligent in the processing, in fact it failed to process plaintiffs' application for additional insurance covering the Ford dealership until after the death of Allen Elliott; that all questions asked by defendant Fund's underwriter, Mr. Paul Wilcox, had been answered at the time of Elliott's death; that defendant Fund would have issued the additional requested insurance policy in the ordinary course of business; that it would have issued the additional requested coverage had it not been for the death of Elliott; that defendant's underwriter, Mr. Paul Wilcox, had no right to alter the original application for additional insurance coverage, the Fund accept and retain the additional premiums and then deny coverage and liability to plaintiffs as employer of Elliott, and therefore, as a matter of fact and as a matter of law is estopped to deny coverage, and this court holds that at the time of Allen Elliott's death Bob Smith Ford, Inc., was insured by the defendant, Michigan State Accident Fund."

The majority of the Court of Appeals concluded that the trial court's determination was clearly erroneous. Judge BEASLEY dissented on the ground that there were sufficient facts in the record on which the trial court could base its decision. 73 Mich App 710; 252 NW2d 556 (1977).

An appellate court must give due deference to

---

[1] A judgment of no cause of action entered as to Robb; that judgment has not been appealed.

the findings of a trial court.[2] In *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976), we said:

"Under GCR 1963, 517.1, an appellate court will set aside the findings of fact of a trial court sitting without a jury when such findings are clearly erroneous. In construing comparable 'clearly erroneous' language in Rule 52(a) of the Federal Rules of Civil Procedure, the United States Supreme Court has stated that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' *[United States v United States Gypsum Co,* 333 US 364, 395; 68 S Ct 525, 542; 92 L Ed 746, 766 (1948)]."

We conclude that the decision of the trial court that SAF's negligence precluded it from denying coverage contains record support[3] and is not

---

[2] GCR 1963, 517.1 provides in part that "regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it".

[3] The application submitted by plaintiff contained a question as to the date the applicant desired coverage to commence with which plaintiff answered, August 4, 1976. The chief underwriter, Harry Tracy, testified that when an underwriter receives an application for insurance where an immediate coverage date is requested, this indicates to the underwriter a need for the SAF to take prompt action. SAF employee Wilcox was assigned the application. He sent a request for more information and Robb promptly responded. Another request for further information believed by Robb to be unnecessary came from Wilcox. Robb answered questions and personally visited the SAF office. Underwriter Wilcox had gone on vacation without assigning the case to another underwriter. Chief underwriter Tracy testified that when an underwriter is absent, the general procedure is for the work to be handled by the remaining underwriters. SAF underwriter Wixom decided not to get into the matter until Wilcox returned, notwithstanding the personal visits of Robb. Robb had obtained prior coverage for Smith without problems. Robb testified that such coverage was not difficult to get. Plaintiff had coverage for his gas station with SAF. Mr. Tracy testified that while normally the Fund did not issue a policy on the same day of the application, policies were issued on the same day of the application when "we've previously issued policies to the same applicant". Plaintiff testified that he recalled never being informed that he had no coverage by SAF or Robb.

clearly erroneous under the standard set forth in *Tuttle.*

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgment of the Court of Appeals and reinstate the trial court judgment.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

Plaintiff testified that he received a notice from SAF on or about August 12 or 15, 1967 (before the employee's death) which informed him that he was covered.