*In re* FORFEITURE OF $8,141 OF UNITED STATES CURRENCY

Docket No. 100948. Submitted August 9, 1988, at Detroit. Decided November 8, 1988.

Detroit police officers seized $8,141 from the claimant, John C. King, and, then, determined that the currency is subject to forfeiture under MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f). The police sent a notice of seizure and intent to forfeit to the claimant, explaining that if claimant chose to challenge the forfeiture he must file a claim and post a bond of $250 plus sureties within twenty days of receipt of the notice. Claimant posted the statutory bond and affidavit of pecuniary responsibility naming himself as both the claimant and the surety. The police department rejected claimant's offer to be his own surety and claimant filed a motion for the return of the property in the Wayne Circuit Court. The circuit court, Michael J. Talbot, J., entered an order directing that the claimant be permitted to act as his own surety or, if the police department did not accept the claimant as a surety within five days, that the currency be returned to claimant. The people appealed.

The Court of Appeals *held:*

Because of the nature of the suretyship relationship, an individual cannot be his own surety. The language of MCL 333.7523(1)(b); MSA 14.15(7523)(1)(b) which requires the claimant to give a bond with sureties approved by the local unit of government or the state is plain and unambiguous. Claimant had to give a bond with sureties.

Reversed.

1. SURETYSHIP AND GUARANTEE — PARTIES.

A suretyship contract requires three parties: the principal, the obligee and the surety; an individual cannot be his own surety.

2. WORDS AND PHRASES — SURETY.

A surety is one who undertakes to pay money or to do any other act if his principal fails therein.

REFERENCES

Am Jur 2d, Suretyship §§ 1, 3.

Am Jur 2d, Forfeitures and Penalties §§ 8, 9.

See the Index to Annotations under Fines, Penalties, and Forfeitures; Suretyship.

3. FORFEITURES AND PENALTIES — SURETIES.
    The statute regarding challenges to the forfeiture of certain property which provides that a claimant who wants to challenge the forfeiture must give a bond with sureties approved by the local unit of government or the state is plain and unambiguous (MCL 333.7523[1][b]; MSA 14.15[7523][1][b]).

*Donald Pailen,* Corporation Counsel, *Brenda Braceful,* Supervising Assistant Corporation Counsel, and *Mary R. Prost, Reginald G. Dozier* and *David A. Robinson,* for the Detroit Police Department.

Before: SULLIVAN, P.J., and HOOD and J. B. BRUFF,* JJ.

PER CURIAM. The people appeal as of right from a May 22, 1987, circuit court order directing that the claimant, John C. King, be permitted to act as his own surety in this forfeiture proceeding under MCL 333.7523; MSA 14.15(7523). We reverse.

The underlying facts are not material to the issue on appeal. On April 4, 1987, Detroit police officers seized $8,141 from the claimant and, then, determined that the property is subject to forfeiture under MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f). In accordance with MCL 333.7523(1)(a); MSA 14.15(7523)(1)(a), the police department subsequently sent a notice of seizure and intent to forfeit to the claimant, explaining that if the claimant chose to challenge the forfeiture of the property he must file a claim and post a bond of $250 plus sureties within twenty days of receipt of the notice.

Thereafter, the claimant posted the statutory bond and affidavit of pecuniary responsibility required by § 7523(1)(b), naming himself as both the claimant and the surety. The police department

---

* Circuit judge, sitting on the Court of Appeals by assignment.

rejected the claimant's offer to be his own surety and, because of this rejection, the claimant filed a motion for return of the property.

Following a hearing, the trial court entered an order directing that the claimant be permitted to act as his own surety and that the claimant's property be returned to him if the police department did not accept the claimant as a surety within five days.

Section 7523(1)(b) provides:

> Any person claiming an interest in property which is the subject of a notice under subdivision (a) may, within 20 days after the receipt of the notice or of the date of the first publication of the notice, file a claim with the local unit of government or the state expressing his or her interest in the property. Upon the filing of the claim, and the *giving of a bond to the local unit of government or the state in the amount of $250.00 with sureties approved by the local unit of government or the state* conditioned that in case the property is ordered forfeited by the court the obligor shall pay all costs and expenses of the forfeiture proceedings, the local unit of government or the state shall transmit the claim and bond with a list and description of the property seized to the attorney general, the prosecuting attorney for the county, or the city or township attorney for the local unit of government in which the seizure was made who shall promptly institute forfeiture proceedings after the expiration of the 20-day period.

A suretyship contract requires three parties: the principal, the obligee and the surety. *Moore v Capital National Bank of Lansing,* 274 Mich 56, 61; 264 NW 288 (1936). The surety is one who undertakes to pay money or to do any other act if his principal fails therein. See definition of "surety," Black's Law Dictionary, and *Ellis v Phil-*

*lips,* 363 Mich 587, 596; 110 NW2d 772 (1961). Because of the nature of the suretyship relationship, an individual cannot be his own surety. *Ford Motor Credit Co v Machias Ford, Mercury, Inc,* 509 A2d 658, 659 (Me, 1986), and *State Bd of Equalization v Naylor,* 100 Cal App 3d 974, 979; 161 Cal Rptr 280 (1980).

A word or phrase in a statute is to be given its plain and ordinary meaning. *Winiecki v Wolf,* 147 Mich App 742, 744-745; 383 NW2d 119 (1985). A plain and unambiguous statute is to be applied, and not interpreted, because such a statute speaks for itself. *Lansing v Lansing Twp,* 356 Mich 641, 648-649; 97 NW2d 804 (1959); *Winiecki,* 744.

The language of § 7523(1)(b) which requires the claimant to give a $250 bond "with sureties approved by the local unit of government or the state" is plain and unambiguous. Giving this phrase its plain and ordinary meaning, it is clear that the claimant had to give a bond with sureties. Because the claimant could not be his own surety, the trial court erred by ruling that the claimant be permitted to act as his own surety.

Reversed.