*In re* FORFEITURE OF $18,000

Docket No. 119505. Submitted January 8, 1991, at Detroit. Decided
    May 6, 1991, at 9:35 A.M.

The Macomb County Prosecutor brought an action in the Ma-
    comb Circuit Court, George R. Deneweth, J., seeking the forfei-
    ture of $18,000 which Debra Jaszcaolt had posted with the
    Warren Police Department as bail for a third party. The action
    was initiated after a trained dog indicated that the money had
    the odor of cocaine. Although the claimant presented evidence
    that the money recently had been withdrawn from a bank and
    constituted part of a recovery from a judgment in a wrongful
    death action, the trial court found that the claimant had not
    overcome a statutory presumption that the money had been
    furnished in exchange for controlled substances or was tracea-
    ble to an exchange for controlled substances, and ordered
    forfeiture of the money. The claimant appealed.

The Court of Appeals *held:*

The trial court erred in ordering the forfeiture of the money.
    The money was not found in proximity to cocaine, and there
    was no substantial connection established between the money
    and cocaine except the inference that the money was in prox-
    imity to cocaine at some previous time. MCL 333.7521(1)(f);
    MSA 14.15(7521)(1)(f) does not create a presumption of forfei-
    ture under such circumstances.

Reversed.

FORFEITURES AND PENALTIES — MONEY — CONTROLLED SUBSTANCES —
    INFERENCES.

Evidence that supports an inference that at some previous time
    certain money was in proximity to cocaine alone does not
    establish a substantial connection between the money and the
    cocaine sufficient to support a finding that the money was
    furnished in exchange for cocaine or is traceable to an ex-

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons § 27.
Forfeiture of money to state or local authorities based on its
    association with or proximity to other contraband. 38 ALR4th
    496

change for cocaine and therefore subject to forfeiture (MCL 333.7521; MSA 14.15[7521]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert John Berlin,* Chief Appellate Lawyer, and *Diane M. Hathaway,* Assistant Prosecuting Attorney, for the people.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for the claimant.

Before: JANSEN, P.J., and WAHLS and HOOD, JJ.

JANSEN, P.J. Claimant appeals as of right a July 20, 1989, order granting the Macomb County Prosecutor's petition for forfeiture of $18,000 pursuant to MCL 333.7521; MSA 14.15(7521). On appeal, claimant contends that the trial court erred in ordering the forfeiture of the money. We agree and reverse.

On September 22, 1989, claimant posted $18,000 cash with the Warren Police Department for bail for her future brother-in-law. The police, suspicious that the cash bond money might be related to drug activity, retained a narcotics detection dog. The dog indicated that the money had the odor of cocaine. On the basis of this fact, the police instituted the present forfeiture proceedings. At the hearing, claimant proffered testimony substantiating her claim that the money recently had been withdrawn from the Michigan National Bank and constituted part of a $40,000 recovery from a judgment in a wrongful death action.

The trial court held that the money had been in proximity to cocaine and was presumed to be subject to forfeiture under MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f). The trial court then held

that, because of inconsistencies in claimant's evidence, claimant failed to rebut this presumption by clear and convincing evidence. We disagree and reverse. MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f) provides:

> Any thing of value that is furnished or intended to be furnished in exchange for a controlled substance or an imitation controlled substance in violation of this article, traceable to an exchange for a controlled substance or an imitation controlled substance in violation of this article, or used or intended to be used to facilitate any violation of this article including but not limited to money, negotiable instruments, or securities. To the extent of the interest of an owner, a thing of value is not subject to forfeiture under this subdivision by reason of any act or omission that is established by the owner of the item to have been committed or omitted without the owner's knowledge or consent. Any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) shall be presumed to be subject to forfeiture under this subdivision. This presumption may be rebutted by clear and convincing evidence.

The primary goal of judicial interpretation is to ascertain and give effect to the intent of the Legislature. *People v Hawkins,* 181 Mich App 393, 396; 448 NW2d 858 (1989). The first criterion in determining the intent of the Legislature is the specific language of the statute. *Id.* The Legislature is presumed to have intended the meaning it plainly expressed. *Frasier v Model Coverall Service, Inc,* 182 Mich App 741, 744; 453 NW2d 301 (1990).

The statute provides for a presumption of forfeiture for "any money that is found in close proximity to any property that is subject to forfeiture." In the present case, it is undisputed that the money

at issue was not found in close proximity to cocaine even though the evidence could support an inference that at some previous time the money was in close proximity to cocaine. We hold that the specific language of the statute does not create a presumption of forfeiture under these circumstances.

Furthermore, the intent of the Legislature in enacting the statute was to provide for the seizure and forfeiture of anything of value that is:

> 1) furnished or intended to be furnished in exchange for a controlled substance in violation of the article;
> 2) traceable to an exchange for a controlled substance in violation of the article; or
> 3) used or intended for use in facilitating a violation of the article.
> [House Legislative Analysis, SB 645, September 21, 1982.]

This legislative intent would not be furthered by reading the presumption of forfeiture to apply to the money in this case merely because it bears an odor of a controlled substance and could have been in close proximity to a controlled substance at some point in time.

Since a forfeiture proceeding is an in rem civil proceeding, the claimant has the burden of proving the claim by a preponderance of the evidence. *In re Forfeiture of 719 N Main,* 175 Mich App 107, 114; 437 NW2d 332 (1989). The findings of fact of a trial court sitting without a jury will not be set aside on appeal unless we find that they are clearly erroneous. *In re Forfeiture of $5,264,* 432 Mich 242, 260; 439 NW2d 246 (1989). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the

entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* at 260 (quoting *Smith v Michigan State Accident Fund*, 403 Mich 201, 204; 267 NW2d 909 (1978).

A review of the trial court's findings of fact leads us to conclude that a mistake has been made. The only evidence presented that could possibly link the money to an exchange for a controlled substance is the fact that the narcotics dog smelled the odor of cocaine on the bills. However, there was evidence presented which indicated that claimant had withdrawn the money from a bank before posting the money for the bond. A substantial connection must be established between the property and the criminal activity to justify forfeiture. *Id.* at 262. There was no evidence that the money was furnished in exchange for controlled substances or is traceable to an exchange for controlled substances. No nexus was established between illegal activity and the money. We conclude that the trial court erred in entering the order forfeiting this money.

Reversed.