*In re* FORFEITURE OF 12-GAUGE SHOTGUN

*In re* FORFEITURE OF 1975 DODGE SPORTSMAN VAN

Docket Nos. 148816, 148817. Submitted November 2, 1993, at Grand Rapids. Decided March 8, 1994, at 9:15 A.M.

The Roscommon County Prosecuting Attorney initiated proceedings in the Roscommon Circuit Court for the forfeiture of a 12-gauge shotgun, a 1975 Dodge Sportsman van, and several other items of property pursuant to the controlled substances provisions of the Public Health Code. Richard A. Myers and Jacob Myers filed a notice of claim and deposited $250 in cash as security for costs. The court, Michael J. Matuzak, J., required the claimants to post a surety bond instead of the cash and entered an order of forfeiture when the claimants failed to post the surety bond in a timely fashion. The claimants appealed, and their appeals were consolidated.

The Court of Appeals *held:*

MCL 333.7523(1)(c); MSA 14.15(7523)(1)(C) requires that a surety bond be posted upon the filing of a claim to property seized for forfeiture under the controlled substances provisions of the Public Health Code. MCL 600.2631; MSA 27A.2631 provides that in any civil proceeding where bond is required or permitted, cash may be deposited in lieu of the bond. Forfeiture proceedings are civil proceedings. Therefore, cash may be deposited in lieu of the posting of a surety bond in a forfeiture proceeding brought under the controlled substances provisions of the Public Health Code.

Reversed and remanded.

FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — SURETY BONDS — CASH DEPOSITS.

Cash may be deposited in lieu of the surety bond required of claimants in forfeiture proceedings initiated pursuant to the controlled substances provisions of the Public Health Code (MCL 333.7523[1][c], 600.2631; MSA 14.15[7523][1][c], 27A.2631).

REFERENCES

Am Jur 2d, Forfeitures and Penalties § 15.

See ALR Index under Bonds and Undertakings; Deposits or Depositories; Fines, Penalties, and Forfeitures; Suretyship.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Daniel L. Sutton,* Prosecuting Attorney, and *Robert L. Britton,* Assistant Prosecuting Attorney, for the people.

*Hess & Hess, P.C.* (by *Scott L. Hess*), for the claimants.

Before: JANSEN, P.J., and FITZGERALD and P. J. CONLIN,* JJ.

PER CURIAM. In these consolidated appeals, claimants appeal as of right from the circuit court's order of forfeiture pursuant to MCL 333.7521(f); MSA 14.15(7521)(f). We reverse.

Claimant Richard Myers delivered a controlled substance to a police informant. His property was seized pursuant to a search warrant of his residence. A petition for forfeiture was subsequently filed by the prosecution. In response, claimants filed a notice of claim and deposited $250 in cash as security for payment of costs in the forfeiture proceedings. At the show-cause hearing, the trial court ruled that claimants were required to file a surety bond. The trial court allowed them seven days to obtain a surety bond. Claimants filed a surety bond twenty days later. Subsequently, the trial court ordered forfeiture of the property because the bonds were not timely filed.

On appeal, claimants contend that the court erred in precluding the posting of a cash bond as security for costs. We agree.

MCL 333.7523(1)(c); MSA 14.15(7523)(1)(c) allows any person claiming an interest in seized property to file a notice of claim within twenty days after receiving notice from the local unit of government. The statute further provides, in relevant part:

Upon the filing of the claim, and the giving of a

* Circuit judge, sitting on the Court of Appeals by assignment.

bond to the local unit of government or the state in the amount of 10% of the value of the claimed property, but not less than $250.00 or greater than $5,000.00, with sureties approved by the local unit of government or the state conditioned that if the property is ordered forfeited by the court the obligor shall pay all costs and expenses of the forfeiture proceedings.

In *In re Forfeiture of $8,141,* 172 Mich App 790; 432 NW2d 442 (1988), this Court held that the surety bond posted by the claimant naming himself as the surety was not permissible. We disagree with the trial court's ruling that that holding precludes a claimant from depositing cash because the case did not involve a deposit of cash.

Moreover, § 2631 of the Revised Judicature Act, MCL 600.2631; MSA 27A.2631, provides:

In any civil cause, action, proceeding or matter before any court, . . . where bond or bail of any character is required or permitted for any purpose, it shall be lawful for the party or parties required or permitted to furnish such bail or bond to deposit, in lieu thereof, in the same manner herein provided for, cash . . . equal in amount to the amount of the bond or bail so required and permitted.

Forfeiture proceedings are civil proceedings in rem to which the rules of evidence and civil procedure apply. *In re Forfeiture of 301 Cass Street,* 194 Mich App 381, 386; 487 NW2d 795 (1992); *In re Forfeiture of $18,000,* 189 Mich App 1, 4; 471 NW2d 628 (1991). Because forfeitures are civil proceedings, we believe MCL 600.2631; MSA 27A.2631 is applicable. Thus, the claimants' deposit of $250, given in lieu of a surety bond, was permissible.

Reversed and remanded. We do not retain jurisdiction.