*In re* FORFEITURE OF $275

Docket No. 190350. Submitted November 13, 1997, at Grand Rapids. Decided January 23, 1998, at 9:00 A.M. In lieu of granting leave to appeal the judgment of the Court of Appeals is reversed and the judgment of the Kent Circuit Court is reinstated, 457 Mich ___.

   The Grand Rapids Police Department initiated proceedings in the Kent Circuit Court for the forfeiture pursuant to the controlled substances act of $275 found on claimant Cedrick B. Spearman. Police officers had observed the fourteen-year-old claimant standing next to a woman in front of a store in an area known to the police for drug trafficking. The woman, upon seeing the police, had tried to leave the area and had swallowed a bag. No money was found on the woman, but subsequent medical examination indicated that she had ingested a bag of crack cocaine. No weapons or drugs were found on the claimant, who claimed that the money had been given to him by his mother so that he could buy clothing. The court, Robert A. Benson, J., ordered the forfeiture of the disputed money, finding a substantial connection between the money and the cocaine and finding that the money had been in "close proximity" to the cocaine such that it could be presumed under MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f) that the money was subject to forfeiture. The claimant appealed.

   The Court of Appeals *held*:

   1. The circuit court clearly erred in finding that the money seized from the claimant was substantially related to the exchange of a controlled substance. The facts in this case created nothing more than a mere suspicion that the seized currency was linked to the suspected exchange of a controlled substance. Substantial connection must be established by a preponderance of the evidence, not by mere suspicion.

   2. "Close proximity," for purposes of MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f), is not defined in precise terms. A common sense, case-by-case determination of "close proximity" must be made when deciding whether property can be presumed subject to forfeiture under the statute. In this case, the circuit court clearly erred in finding that the money had been in "close proximity" to the cocaine. The fact that these two persons had been standing three

feet apart was insufficient to support the conclusion that the money and the cocaine had been in "close proximity."

Reversed.

SMOLENSKI, P.J., dissenting, stated that, under the circumstances of this case, the circuit court did not clearly err in finding that the money seized from the claimant had been substantially related to, and used to facilitate, the unlawful sale of cocaine and in finding that the money had been in "close proximity" to the cocaine. The order of forfeiture should be affirmed.

1. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — SUBSTANTIAL CONNECTION TO ILLEGAL DRUG ACTIVITY.

An asset may not be ordered forfeited pursuant to the controlled substances act on the basis that it was used or intended to be used to facilitate a violation of the act unless the trial court finds by a preponderance of the evidence a substantial connection between the asset and the underlying criminal activity (MCL 333.7521[1][f]; MSA 14.15[7521][1][f]).

2. FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES — MONEY — REBUTTABLE PRESUMPTION OF FORFEITABILITY.

Money found in "close proximity" to any property subject to forfeiture under the controlled substances act is presumed to be subject to forfeiture; "close proximity" is not defined in precise terms, and a common sense, case-by-case determination of "close proximity" must be made (MCL 333.7521[1][f]; MSA 14.15[7521][1][f]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow*, Chief Appellate Attorney, for the plaintiff.

*Anthony C. Greene*, for the claimant.

Before: SMOLENSKI, P.J., and MACKENZIE and NEFF, JJ.

NEFF, J. Claimant Cedrick Budd Spearman appeals as of right from the circuit court's order of forfeiture pursuant to MCL 33.7521(1)(f); MSA 14.15(7521)(1)(f). We reverse.

I

Approximately $275 was seized from claimant as a result of a police investigation of trespassing activity outside Palmer's Party Store in Grand Rapids.[1] As members of the Neighborhood Patrol Unit approached a group of people gathered in front of the store, a woman (later identified to be Cynthia McKinney) who had been leaning against the store near the fourteen-year-old claimant began to walk away from the group at a quick pace. McKinney, who had what appeared to be a bag in her left hand, made a motion toward her mouth, consistent with an attempt to conceal crack cocaine or other contraband by swallowing it. As an officer grabbed McKinney, she attempted to chew and swallow what appeared to be a bag containing approximately ten to fifteen lumps of crack cocaine.[2] A search of McKinney revealed no other evidence of concealed crack cocaine or money. No exchange of drugs for money was observed.

Meanwhile, other police officers focused their attention on claimant, who had been standing approximately three feet from McKinney. The officers observed no interaction between claimant and McKinney, and claimant made no gestures and had nothing in his hands. Claimant was advised that the officers were investigating a trespassing complaint at the

---

[1] The area around Palmer's Party Store is well known to police as an area in which there is a heavy volume of drug trafficking and a significant amount of violence. The police department has a letter of intent from the owners of the store to prosecute trespassers.

[2] McKinney was transported to a local hospital for observation. Medical records reveal that she had traces of cocaine in her system and that part of the bag (along with what appeared to be pieces of crack cocaine) were subsequently found in her stool.

store, and he consented to being searched.[3] Claimant
had no weapons or drugs in his possession; however,
in his pocket was $275 in currency, folded in half in
one large bundle. When asked, claimant could not
advise the officers how much money he had, and
explained that his mother had given him the money to
purchase some clothes.

The Grand Rapids Police Department initiated for-
feiture proceedings. At the hearing, testimony was
presented that McKinney's possession of ten to fifteen
lumps of crack cocaine was characteristic of a drug
dealer. Also, the court was advised that it was com-
mon for McKinney not to have money on her,
because drug dealers often work in teams so that one
person handles the drugs and one handles the money.
Further, testimony was presented that the bundle of
cash recovered from claimant's pocket was significant
because drug dealers commonly keep money stacked
with larger denominations toward the back, with
smaller denominations in front, all folded together.

Claimant testified at the hearing that his mother
had given him three $100 bills to replace clothing that
had been stolen in a break-in at his house. Claimant's
mother corroborated this testimony, explaining that
she had given claimant a portion of her income tax
return. Claimant testified that he had repaid $25 that
he had borrowed from his grandmother, and then
changed the other two $100 bills at Palmer's. This
assertion was contradicted by the owners of the

---

[3] On appeal, claimant challenges the search of McKinney and himself.
However, claimant's mere assertion that his constitutional rights were vio-
lated, without citations to the record and cogent argument supported by
authority, is insufficient to present this issue for consideration by this
Court. MCR 7.212(C)(7); *People v Jones (On Rehearing)*, 201 Mich App
449, 456-457; 506 NW2d 542 (1993).

store, who testified that not only did claimant not change the large bills at their store, but also that it was against their strict policy to do so.

In its opinion ordering forfeiture of the $275 discovered in claimant's possession, the circuit court determined that the police properly conducted an investigative stop when they observed a group of people violating a "no trespassing" order. The court further found that, pursuant to a valid search of claimant, the police were justified in seizing the money. Finally, the court found that the money was in "close proximity" to the drugs found on McKinney and that the police reasonably found a substantial connection between the money found on claimant and the illegal drug transaction. Accordingly, the court ordered the money forfeited. Claimant now appeals.

II

Pursuant to the controlled substances article of the Public Health Code, the following property is subject to forfeiture:

> . . . Any thing of value that is furnished or intended to be furnished in exchange for a controlled substance . . . that is traceable to an exchange for a controlled substance . . . or that is used or intended to be used to facilitate any violation of this article or section 17766a including, but not limited to, money, negotiable instruments, or securities. To the extent of the interest of an owner, a thing of value is not subject to forfeiture under this subdivision by reason of any act or omission that is established by the owner of the item to have been committed or omitted without the owner's knowledge or consent. Any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) shall be presumed to be subject to forfeiture under this subdivision. This presump-

tion may be rebutted by clear and convincing evidence. [MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f).]

Forfeiture proceedings are in rem civil proceedings, and the prosecution has the burden of proving its case by a preponderance of the evidence. *In re Forfeiture of $25,505*, 220 Mich App 572, 574; 560 NW2d 341 (1996). We review the trial court's findings of fact for clear error, giving regard to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it. *In re Forfeiture of $19,250*, 209 Mich App 20, 29; 530 NW2d 759 (1995).

A

In the present case, the circuit court determined that forfeiture was warranted because the prosecution had established, by a preponderance of the evidence, that the $275 seized from claimant was substantially connected to the sale of crack cocaine. We disagree.

In order for an asset to be ordered forfeited because it was used or was intended to be used to facilitate a violation of the controlled substances act, the trial court must find a substantial connection between that asset and the underlying criminal activity. *In re Forfeiture of $5,264*, 432 Mich 242, 262; 439 NW2d 246 (1989). Although a connection to a specific drug sale need not be shown, the assets must be traceable to drug trafficking. *In re Forfeiture of $1,159,420*, 194 Mich App 134, 146; 486 NW2d 326 (1992). "In contrast, property that has only an incidental or fortuitous connection to the unlawful activity is not subject to forfeiture." *Id.*

When he was stopped and searched by the police, claimant was standing approximately three feet from

McKinney in an area well known for drug trafficking. McKinney possessed enough cocaine to support the presumption that she was selling it. See *People v Ray*, 191 Mich App. 706, 708; 479 NW2d 1 (1991). Although testimony was presented that the growing trend is for drug dealers to work in teams in which one person holds the drugs and another holds the money, absolutely no interaction was observed between claimant and McKinney. No drug transaction or suspected drug transaction was observed involving either claimant or McKinney. Indeed, the two could have been complete strangers to one another. We find that "drug profile" evidence of this sort is of little value where, as here, there is no other persuasive evidence linking claimant to drug-related activity.

Claimant was in possession of $275, arguably a large amount of money for a fourteen-year-old boy, but hardly enough to suggest that the money was related to drug trafficking. The fact that the money was folded and in order by denomination is completely innocuous. Although we recognize that claimant's incredible statements regarding the source of the money may evidence possible criminal activity, they do not require an inference that the money was related to drug trafficking.

The above facts, viewed in the aggregate, create nothing more than a mere suspicion that the seized currency was linked to the suspected exchange of a controlled substance. More than a mere suspicion is required to establish, by a preponderance of the evidence, a substantial connection between the money seized from claimant and the exchange of a controlled substance.

B

The circuit court also determined that the money was found in "close proximity" to the crack cocaine discovered on McKinney and was thus presumed to be subject to forfeiture under MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f). Again, we disagree.

Although the breadth of the term "close proximity" has not been expressly defined by the appellate courts of this state, other states have done so. We adopt the following analysis of the Arkansas Supreme Court:

> "In close proximity" simply means "very near." For that reason it has been said that the meaning of the term in such a statute is to be determined on a case-by-case basis. [citation omitted.] We agree with that approach and do not mean by this opinion to suggest rigid rules for fixing "close proximity" by a particular number of feet, by reference to particular rooms, or by any rule of thumb. *Limon v State*, 285 Ark 166, 168; 685 SW2d 515 (1985).

Like the Arkansas court, we are not inclined to define "close proximity" in precise terms. Rather, we hold that a commonsense, case-by-case determination be made when determining whether money is in "close proximity" to other forfeitable property.

At first blush, the statutory presumption does not appear to require a nexus between the money and the forfeitable object; however, we believe that the two grounds for forfeiture contained in MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f) ("substantial connection" and "close proximity") must be read harmoniously in order to give effect to the intent of the Legislature. We find support for this position in *In re Forfeiture of $18,000*, 189 Mich App 1, 4; 471 NW2d 628 (1991), where the Court held that although the

money at issue had perhaps, at one time, been in "close proximity" to cocaine, it was not subject to forfeiture when it was not discovered in "close proximity" to the contraband. The Court noted that the statute's goal of deterring illegal trafficking in controlled substances "would not be furthered by reading the presumption of forfeiture to apply to the money in this case merely because it bears an odor of a controlled substance and could have been in "close proximity" to a controlled substance at some point in time." *Id.* Proof of "close proximity", without more, is insufficient to invoke the statutory presumption.

Turning to the facts before us, we conclude that the circuit court clearly erred in ordering the forfeiture of the $275 found in claimant's possession. That claimant was standing approximately three feet from another person who had enough cocaine to raise a presumption of an intent to deliver is insufficient to support a conclusion that the cocaine and claimant's money were in "close proximity" to each other for purposes of MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f). Accordingly, the statutory presumption of forfeitability does not apply to the facts presented here. To rule otherwise would be tantamount to determining that the presumption exists whenever contraband and money are found within an arbitrary, artificially determined distance, without any other connection between them. Cf. *People v United States Currency*, 158 Mich App 126; 404 NW2d 634 (1986) (Court upheld the forfeiture of over $4,000 discovered in the possession of the claimant, who was found during a drug raid approximately 2½ feet from a toilet in which cocaine was being flushed). Such a forced result would do nothing to further the

intent of our Legislature in enacting the forfeiture statute, which was to control illegal drug trafficking, *In re Forfeiture of $5,264, supra* at 259, not to divest persons of all currency that happens to come within a certain distance of a forfeitable object.

### III

Under the circumstances presented here, we hold that the circuit court clearly erred in finding that the money seized from claimant was both substantially related to the exchange of a controlled substance and in "close proximity" to property subject to forfeiture. Consequently, we reverse the court's order of forfeiture.

Reversed.

MACKENZIE, J., concurred.

SMOLENSKI, P.J. (*dissenting*). I respectfully dissent. I find that the circuit court did not clearly err in finding that the money seized from claimant was substantially related to, and therefore used to facilitate, the unlawful sale of cocaine. MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f); *In re Forfeiture of $5,264*, 432 Mich 242; 439 NW2d 246 (1989). I likewise find that the circuit court did not clearly err in finding that the money was in "close proximity" to the cocaine. MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f). Accordingly, I would affirm the court's order of forfeiture.