*In re* FORFEITURE OF UNITED STATES CURRENCY

Docket No. 92272. Submitted June 15, 1987, at Lansing. Decided February 1, 1988.

Lansing area narcotics officers, on the basis of information secured from an informant, secured a search warrant for a certain address in Lansing. The warrant was executed and the officers found and seized a quantity of controlled substances and $30,632.41 in cash and arrested Kenneth Williams and another on controlled substances charges. The City of Lansing filed in Ingham Circuit Court a complaint for forfeiture of the currency on the basis that it was the proceeds of the illegal sale of controlled substances and filed a motion to show cause. The show cause hearing was adjourned pending disposition of the underlying criminal charges against Williams. An Ingham Circuit judge in the criminal proceedings granted Williams' motion to suppress the admission of the narcotics as evidence on the basis of a defective search warrant and ordered that all the other seized property be returned to Williams. The criminal charges against Williams were dismissed and no appeal was taken from the order of dismissal. Thereafter, the City of Lansing moved in the forfeiture action to have the evidence which had previously been suppressed in the criminal proceedings declared to be admissible in the forfeiture proceedings and sought to have the validity of the search warrant relitigated in the forfeiture proceedings. The trial court, Jack W. Warren, J., denied the motion, holding that he could not relitigate the question of the validity of the search warrant. Following an evidentiary hearing at which the trial court permitted numerous references to the evidence seized pursuant to the invalid

REFERENCES

Am Jur 2d, Forfeitures and Penalties §§ 25, 30, 34, 101.

Forfeiture of money to state or local authorities based on its association with or proximity to other contraband. 38 ALR4th 496.

Necessity of conviction of offense associated with property seized in order to support forfeiture of property to state or local authorities. 38 ALR4th 515.

Lawfulness of seizure of property used in violation of law as requisite to forfeiture action or proceeding. 8 ALR3d 473.

search warrant, the court ordered forfeiture of the currency. Williams appealed.

The Court of Appeals *held:*

1. Property seized pursuant to a search warrant which is subsequently held to be invalid may still be subject to the Michigan forfeiture statute so long as the probable cause for its seizure can be supported with untainted evidence and any illegally seized property is excluded from the forfeiture proceeding.

2. While the trial court denied the city's motion to permit the admission of the seized evidence and to relitigate the question of the validity of the search warrant and did, in fact, prohibit the actual physical admission of the illegally seized evidence, the record is replete with instances in which the trial court admitted evidence relating to the seized property under the good-faith exception to the exclusionary rule. Accordingly, it is necessary to remand for a determination of whether a finding of probable cause to seize the money can be supported by untainted evidence and whether sufficient independent untainted evidence exists to prove by a preponderance that the cash was the proceeds from the illegal sale of controlled substances.

Reversed and remanded.

1. FORFEITURES AND PENALTIES — BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE.

The party asserting a claim in a forfeiture proceeding in Michigan has the burden of proving that claim by a preponderance of the evidence; proof by a preponderance of the evidence requires that the factfinder believe that the evidence supporting the existence of the contested fact outweighs the evidence supporting its nonexistence (MCL 333.7521[1][f]; MSA 14.15[7521][1][f]).

2. FORFEITURES AND PENALTIES — SEARCHES AND SEIZURES — ILLEGAL SEIZURES — PROBABLE CAUSE.

Property which has been illegally seized under a defective search warrant may nevertheless be forfeitable under the Michigan forfeiture statute so long as the probable cause for the seizure can be supported with untainted evidence and any illegally seized property is excluded from the forfeiture proceeding (MCL 333.7521; MSA 14.15[7521]).

3. FORFEITURES AND PENALTIES — SEARCHES AND SEIZURES — ILLEGAL SEIZURES — RES JUDICATA.

It is error for a trial court at a forfeiture proceeding to attempt to redetermine whether the illegal controlled substances which

were seized along with property subject to forfeiture were illegally seized and therefore subject to suppression as evidence where there has been a prior determination in a criminal proceeding that the evidence in question was illegally seized and that evidence was suppressed as evidence in the criminal proceeding.

*Alvan P. Knot,* Acting City Attorney, and *Catherine A. Emerson,* Associate City Attorney, for plaintiff.

*Abood, Abood & Rheaume, P.C.* (by *William E. Rheaume*), for Kenneth Williams.

Before: DANHOF, C.J., and DOCTOROFF and T. M. GREEN,* JJ.

DOCTOROFF, J. Kenneth Williams appeals as of right from an Ingham Circuit Court order compelling forfeiture of $30,632.41 to the City of Lansing pursuant to MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f). We remand this case for rehearing.

This appeal involves an incident that occurred on April 7, 1983, at 6500 Aurelius Road in Lansing. At that time, officers executing a search warrant on the premises seized various controlled substances, together with $30,632.41 in cash. Williams was arrested.

On April 6, 1983, a police officer, David Wilcox, arrested an individual (hereinafter the informant) in a separate drug investigation in East Lansing.

At about 3:00 P.M. on April 7, Wilcox telephoned Michigan State Police Officer Paul Whitford to tell him that the informant had admitted selling one hundred tablets of morphine for $800 to a black female named San at Williams' address and had purchased $200 worth of heroin from San.

* Circuit judge, sitting on the Court of Appeals by assignment.

Officer Whitford then put this information into an affidavit for a search warrant. The affidavit also stated that Whitford had learned from another police officer, Robert Fisher, about two purchases of heroin from San at Williams' address during August and September, 1982. Whitford further stated that Williams had been convicted of delivery of cocaine.

In the affidavit, it was also stated that Whitford learned from Officer Rick Burgess that Burgess had learned from a confidential informant that a person named "Ken" was currently selling controlled substances "at a house on the west side of Aurelius Road, just south of Interstate 96."

Based upon the affidavit, a 54th District Court judge signed a search warrant on April 7, 1983. Officer Whitford executed it immediately. As a result, drugs and money were confiscated. Williams and another person were arrested for violating the controlled substances act, MCL 333.7101 *et seq.;* MSA 14.15(7101) *et seq.,* for possession with intent to deliver marijuana and possession of methamphetamine, ethchlorvynol, phenmetrazine, dextroproxyphene, less than fifty grams of heroin and less than fifty grams of methadone.

On April 20, 1983, the City of Lansing filed a complaint for forfeiture and a motion to show cause. The show cause hearing was adjourned pending disposition of the underlying criminal charges against appellant.

On October 25, 1983, an Ingham Circuit Court judge granted Williams' motion to suppress evidence in the criminal case. He ordered all controlled substances to be barred from evidence and all other goods, chattels, articles and property that was seized to be returned to Williams. The criminal charges against Williams were dismissed; no appeal was taken from the order of dismissal.

On September 4, 1984, prior to the commence-
ment of the separate forfeiture hearing, the City of
Lansing moved that the previously suppressed
evidence from the criminal proceeding be admitted
into evidence and requested that the validity of
the search warrant be relitigated. The judge de-
nied the motion, indicating that he did not have
the prior judge's opinion stating the bases for the
ruling and could not relitigate the matter. Not-
withstanding his denial of the motion, the judge
relied on *United States v Leon,* 468 US 897; 104 S
Ct 3405; 82 L Ed 2d 677 (1984), and allowed much
testimony relative to the the good faith conduct of
the police in executing the search warrant.

Following the testimony of officers Whitford and
Wilcox, Lansing Police Officer Paul Klein testified
that, during a previous investigation into the mur-
der of Williams' father, Williams told police that
his father had sold drugs after seeing Williams
make good money doing it.

Another Lansing officer testified that, when Wil-
liams was shot in 1982, he told police the shooting
was drug related.

Williams took the stand and testified that the
police officers had assured him that what he had
told them about his father's murder was strictly
confidential and only for the purposes of the mur-
der investigation. He further indicated that he did
not say anything to the police about his own drug
activity. During cross-examination, it came out
that, in 1978, Williams was convicted pursuant to
a plea-bargain agreement on a cocaine-related
charge.

When asked about the seized money, Williams
indicated that $15,000 to $20,000 of it had been a
gift from his parents to pay off the mortgage on
his home. At that time, his parents were retired

and on Social Security. He indicated further that he had not worked since he was shot in March of 1982 and that he collected $609 per month in Social Security, $146 per month in disability benefits, and $250 to $300 per month in rental income.

In an April 14, 1986, opinion, the circuit judge ordered that the seized money be forfeited on the ground that the city had established probable cause to find that the money had been connected with controlled substances.

I

Williams first argues that the forfeiture of the money was improper because illegally-seized evidence cannot be the subject of a forfeiture action.

The City of Lansing sought forfeiture of the money pursuant to MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f), which provides:

The following property is subject to forfeiture:
* * *
(f) Any thing of value that is furnished or is intended to be furnished in exchange for a controlled substance or an imitation controlled substance in violation of this article, traceable to an exchange for a controlled substance or an imitation controlled substance in violation of this article, or used or intended to be used to facilitate any violation of this article including but not limited to money, negotiable instruments, or securities. To the extent of the interest of an owner, a thing of value is not subject to forfeiture under this subdivision by reason of any act or omission that is established by the owner of the item to have been committed or omitted without the owner's knowledge or consent. Any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) shall be presumed to be subject to forfeiture under this

subdivision. This presumption may be rebutted by clear and convincing evidence.

Except with regard to the "close proximity" presumption, the Michigan forfeiture statute closely parallels the analogous federal statute, 21 USC 881(a)(6).[1] However, although the federal forfeiture statute utilizes a probable cause standard of proof, a party asserting a claim for forfeiture under the Michigan statute has the burden of proving his case by a preponderance of the evidence. *People v United States Currency,* 158 Mich App 126, 130; 404 NW2d 634 (1986), citing *Blue Cross & Blue Shield of Michigan v Governor,* 422 Mich 1, 89; 367 NW2d 1 (1985), reh den 422 Mich 1206 (1985), app dis 474 US 805; 106 S Ct 40; 88 L Ed 2d 33 (1985). Proof by a preponderance of the evidence requires that the factfinder believe that the evidence supporting the existence of the contested fact outweighs the evidence supporting its nonexistence. See *Martucci v Detroit Police Comm'r,* 322 Mich 270, 274; 33 NW2d 789 (1948).

Since the 1982 addition of subsection (f) to MCL 333.7521(1); MSA 14.15(7521)(1), Michigan courts have not decided the specific question whether

---

[1] 21 USC 881(a)(6) provides:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

*       *       *

(6) All monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all monies, negotiable instruments and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

property seized pursuant to a search warrant which is subsequently held invalid may still be subject to forfeiture under the Michigan forfeiture statute. However, this Court has stated that property and monies described in the analogous federal statute are subject to forfeiture even where the seizure of the property subject to the forfeiture is subsequently found to be unlawful. *Michigan State Police v 33d District Court,* 138 Mich App 390, 395; 360 NW2d 196 (1984).

In the instant case, Williams relies on *One 1958 Plymouth Sedan v Pennsylvania,* 380 US 693; 85 S Ct 1246; 14 L Ed 2d 170 (1965), for the proposition that illegally seized property cannot be subject to forfeiture. He errs in this regard, as did the circuit court when it cited that case for the same proposition. *One 1958 Plymouth Sedan* holds that evidence and property illegally seized cannot be used in a forfeiture proceeding, and not that the illegally seized property cannot be forfeited.

The decision in *United States v "Monkey" a Fishing Vessel,* 725 F2d 1007, 1012 (CA 5, 1984), addressing forfeiture of illegally seized property under federal law, is instructive:

This court recently decided that

"even if the seizure were illegal, it would not bar the government's right to claim the vehicle through forfeiture proceedings. Improper seizure does not jeopardize the government's right to secure forfeiture if the probable cause to seize the vehicle can be supported with untainted evidence. *United States v Eighty-Eight Thousand, Five Hundred Dollars,* 671 F2d 293, 297-298 (CA 8, 1982); *United States v One 1975 Pontiac Lemans,* 621 F2d 444, 450-451 (CA 1, 1980); *United States v One Harley Davidson Motorcycle,* 508 F2d 351, 351-352 (CA 9, 1974). This position is not contrary to *One 1958 Plymouth Sedan v Pennsylvania,* 380 US 693;

85 S Ct 1246; 14 L Ed 2d 170 (1965). That case holds that an object illegally seized cannot in any way be used either as evidence or as the basis for jurisdiction. Therefore, evidence derived from a search in violation of the fourth amendment must be excluded at a forfeiture proceeding. In the case at bar, all evidence of probable cause was developed independent of the seizure of the vehicle. Thus, even if a warrant were required, the failure to secure it would not bar the forfeiture of the vehicle." [*United States v One 1978 Mercedes Benz, 4-Door Sedan,* 711 F2d 1297 (CA 5, 1983).]

We hold that illegally seized property is forfeitable under MCL 333.7521; MSA 14.15(7521), so long as the probable cause for its seizure can be supported with untainted evidence and any illegally seized property is excluded from the forfeiture proceeding. In this case, the illegally seized articles were never introduced into evidence. Thus, the circuit court complied with an interpretation of Michigan's forfeiture statute which parallels the federal statute and is consistent with this opinion, despite its erroneous assertion as to the holding of *One 1958 Plymouth Sedan.*

II

Williams next contends that the hearing judge erred by relitigating the validity of the search warrant in reliance on cases that have no applicability to this action.[2] Prior to presentation of its proofs, plaintiff moved to relitigate the validity of the search warrant. The hearing judge denied the motion, stating that he had no authority to reliti-

[2] Although the judge relied on *United States v Leon,* 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984), when admitting evidence during the proceeding, he relied on *Illinois v Gates,* 462 US 213; 103 S Ct 2317; 76 L Ed 2d 527 (1983), in his written opinion and order of forfeiture.

gate something that another circuit judge had previously decided in the criminal proceeding.[3]

Notwithstanding the denial of the motion, however, the record indicates that the judge in fact reviewed the validity of the search warrant, stating his intent to be guided by *Leon, supra*. In doing so, he admitted evidence under the assumption that the good-faith exception to the exclusionary rule as articulated in that case applied to this forfeiture proceeding.[4] The judge determined that he had to look at the reasons behind the invalidity of the warrant,[5] although he was not in the position of an appellate court to determine whether the former ruling in the criminal case was clearly erroneous. See *People v Mackey,* 121 Mich App 748, 753; 329 NW2d 476 (1982).

The United States Supreme Court has ruled that evidence suppressed in a criminal proceeding cannot thereafter be used in a civil forfeiture proceeding:

> [A] forfeiture proceeding is quasi-criminal in character. Its object, like a criminal proceeding, is to penalize for the commission of an offense against the law. . . . It would be anomalous indeed, under these circumstances, to hold that in the criminal proceeding the illegally seized evidence is excludable, while in the forfeiture proceeding, requiring the determination that the criminal law has been violated, the same evidence would be admissible. [*One 1958 Plymouth Sedan, supra,* pp 700-701.][6]

---

[3] The order suppressing the evidence and dismissing the criminal charges was not appealed.

[4] Michigan does not follow the good-faith exception to the exclusionary rule. See discussion in *People v Sundling,* 153 Mich App 277, 289-292; 395 NW2d 308 (1986).

[5] The hearing judge stated that he did not think that the suppression of evidence in a criminal case was binding on the court in a civil action.

[6] The Supreme Court then noted:

Accordingly, the hearing judge should not have attempted to redetermine the validity of the seizure of the evidence, for it had already been suppressed in the criminal proceeding.

Notwithstanding the fact that the actual physical evidence that was seized pursuant to the invalid warrant was not admitted at the hearing, the record is replete with instances in which the trial court admitted evidence, over objection, on the basis that the good-faith exception to the exclusionary rule should apply. The trial court's discretion in admitting the evidence was thus exercised pursuant to a misapplication of law. Whether the evidence was admissible should have been determined in accordance with the rules of evidence. Some of that evidence was also considered in determining that the money should be forfeited. We further note that the judge applied an incorrect standard of proof when he concluded that the city had established probable cause to find that the money had been connected with controlled substances. The correct standard of proof under the Michigan forfeiture statute is the preponderance standard, *People v United States Currency, supra.* For these reasons, we are unable to determine from the record before us whether the court's findings are clearly erroneous.

Accordingly, we remand this case for the deter-

This Court in *Boyd v United States* [116 US 616, 638; 6 S Ct 524; 29 L Ed 746 (1886)] rejected any argument that the technical character of a forfeiture as an in rem proceeding against the goods had any effect on the right of the owner of the goods to assert as a defense violations of his constitutional rights. The Court stated:

"[A]lthough the owner of goods, sought to be forfeited by a proceeding in rem, is not the nominal party, he is, nevertheless, the substantial party to the suit; he certainly is so, after making the claim and defence; and, in a case like the present, he is entitled to all the privileges which appertain to a person who is prosecuted for a forfeiture of his property by reason of committing a criminal offence." [*One 1958 Plymouth Sedan, supra,* p 701, n 11.]

mination of whether a finding of probable cause to seize the money can be supported with untainted evidence, *Monkey, supra,* and whether sufficient independent evidence exists, excluding the evidence that was suppressed, to prove by a preponderance that the $30,652.41 was used in violation of MCL 333.7101 *et seq.;* MSA 14.15(7101) *et seq.* We also note that the rules of evidence must be strictly applied in determining the admissibility of the evidence which is untainted by the illegal search and seizure.

Our disposition of this case renders it unnecessary to address appellant's other issue. *Parsonson v Construction Equipment Co,* 18 Mich App 87, 90; 170 NW2d 479 (1969), aff'd 386 Mich 61; 191 NW2d 465 (1971).

Reversed and remanded.