*In re* FORFEITURE OF $15,232

Docket No. 119016. Submitted April 11, 1990, at Grand Rapids. Decided May 22, 1990.

Michael Rieckman was stopped by the police for speeding. A records check showed he was driving with a suspended license. He was placed under arrest and, upon his being patted down incident to the arrest, it was discovered that Rieckman was carrying a large sum of money, which was assumed to be proceeds of illegal drug transactions. A complaint for forfeiture of the money, $15,232, was filed in Ionia Circuit Court. At the forfeiture proceeding, the court, Charles W. Simon, Jr., J., over objection, allowed as evidence several hearsay statements inadmissible under the rules of evidence. The court ruled that hearsay is admissible in forfeiture proceedings. Following the proceedings, the court entered an order forfeiting the money to the State of Michigan and local law enforcement agencies. Rieckman appealed.

The Court of Appeals *held:*

The rules of evidence, including the rules controlling the admissibility of hearsay evidence, apply to forfeiture proceedings in the courts of this state. In Michigan, forfeiture proceedings are in rem civil proceedings and the government has the burden of proving its case by a preponderance of the evidence. As with any other civil action to which the rules of evidence apply, the rules governing the admission of hearsay evidence must be followed in a forfeiture action brought under the Michigan statutes. The trial court erred in admitting the hearsay evidence.

Reversed.

1. FORFEITURES AND PENALTIES — EVIDENCE — HEARSAY — RULES OF EVIDENCE.

The rules of evidence, including the rules controlling the admissibility of hearsay evidence, apply to forfeiture proceedings in the courts of this state.

REFERENCES

Am Jur 2d, Forfeitures and Penalties §§ 1, 17, 40, 42.
See the Index to Annotations under Drugs and Narcotics; Fines, Penalties, and Forfeitures; Hearings.

2. FORFEITURES AND PENALTIES — IN REM CIVIL PROCEEDINGS —
   BURDEN OF PROOF — EVIDENCE — HEARSAY.
   Forfeiture proceedings in Michigan are in rem civil proceedings,
   and the government has the burden of proving its case by a
   preponderance of the evidence; as with any other civil action to
   which the rules of evidence apply, the rules governing the
   admission of hearsay evidence must be followed in a forfeiture
   action brought under the Michigan statutes (MCL
   333.7522[c],[d]; MSA 14.15[7522][c],[d]).

*Frank J. Kelley,* Attorney General, *Gary M. Gabry,* Prosecuting Attorney, and *Terese Paletta,* Assistant Prosecuting Attorney, for the people.

*Abood, Abood & Rheaume, P.C.* (by *William E. Rheaume*), for defendant on appeal.

Before: REILLY, P.J., and MACKENZIE and SULLIVAN, JJ.

PER CURIAM. Claimant Michael Rieckman appeals as of right from an order of forfeiture entered following a bench trial. We reverse.

At the trial resulting in the forfeiture of claimant's money, the trial judge, over objection, allowed as evidence several hearsay statements inadmissible under the rules of evidence. The trial court's ruling that hearsay is admissible in forfeiture proceedings was based on *In re Forfeiture of One 1985 Mercedes Benz,* 174 Mich App 203, 205; 435 NW2d 426 (1988), where a panel of this Court stated:

> [F]ederal courts have held that hearsay is admissible to prove probable cause in a forfeiture hearing. See *United States v 1964 Beechcraft Baron Aircraft,* 691 F2d 725, 728 (CA 5, 1982), cert den sub nom *Preston v United States,* 461 US 914 (1983).

We conclude that *One 1985 Mercedes Benz* was

wrongly decided and hold that the rules of evidence, including the rules controlling the admissibility of hearsay evidence, apply to forfeiture proceedings in the courts of this state.

In reaching its evidentiary conclusion, the panel in *One 1985 Mercedes Benz* failed to acknowledge the Michigan Rules of Evidence. MRE 1101 provides:

> (a) *Rules applicable.* Except as otherwise provided in subdivision (b), these rules apply to all actions and proceedings in the courts of this state.
>
> (b) *Rules inapplicable.* The rules other than those with respect to privileges do not apply in the following situations:
>
> (1) *Preliminary questions of fact.* The determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 104(a).
>
> (2) *Grand jury.* Proceedings before grand juries.
>
> (3) *Miscellaneous proceedings.* Proceedings for extradition or rendition; sentencing, or granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise.
>
> (4) *Contempt proceedings.* Contempt proceedings in which the court may act summarily.
>
> (5) *Small claims.* Small claims division of the district court and the Common Pleas Court for the City of Detroit.

Forfeiture proceedings are notably absent from the list of situations in which the rules of evidence do not apply. It follows that, under MRE 1101(a), the rules governing the admissibility of hearsay apply to forfeiture proceedings.

Moreover, we are of the opinion that *One 1985 Mercedes Benz* erroneously relied on federal forfeiture law regarding the admissibility of hearsay

evidence. The federal forfeiture statute provides for a forfeiture action which is in the nature of a probable cause hearing, utilizing a probable cause standard of proof. See *In re Forfeiture of United States Currency,* 166 Mich App 81, 87; 420 NW2d 131 (1988). See also 21 USC 881(d) and 19 USC 1615 and *United States v $50,000 United States Currency,* 757 F2d 103, 105 (CA 6, 1985). In making such probable cause determinations, otherwise inadmissible hearsay is admissible, *United States v Beechcraft Baron Aircraft, supra,* just as it is in Michigan probable cause determinations such as proceedings for the issuance of a search warrant or arrest warrant. MRE 1101(b)(3).

However, while the Michigan forfeiture statutes allow subject property to be seized without process when there is probable cause to believe that the property is dangerous or was used in violation of the controlled substances act, see MCL 333.7522(c) and (d); MSA 14.15(7522)(c) and (d), Michigan does *not* have a statute which parallels the federal statutes declaring a probable cause standard of proof in forfeiture actions. In Michigan, forfeiture proceedings are in rem civil proceedings and the government has the burden of proving its case by a preponderance of the evidence. *People v United States Currency,* 158 Mich App 126, 130; 404 NW2d 634 (1986); *In re Forfeiture of United States Currency,* 166 Mich App 81, 87; 420 NW2d 131 (1988); *In re Forfeiture of $53,* 178 Mich App 480, 494; 444 NW2d 182 (1989); *In re Forfeiture of United States Currency,* 181 Mich App 761, 765; 450 NW2d 93 (1989); *In re Forfeiture of 719 N Main,* 175 Mich App 107, 114; 437 NW2d 332 (1989). We therefore conclude that, as with any other civil action to which the rules of evidence apply, the rules governing the admission of hear-

say evidence must be followed in a forfeiture action brought under the Michigan statutes.

In this case, while the trial court ruled that even under the preponderance of the evidence standard it was convinced that the subject money came from drug transactions, substantial hearsay testimony was considered in reaching that conclusion. Given the court's reliance on this incompetent evidence, we must reverse the order of forfeiture.

Reversed.