*In re* FORFEITURE OF 301 CASS STREET

Docket No. 136034. Submitted April 20, 1992, at Grand Rapids. Decided May 19, 1992, at 9:10 A.M.

The Montcalm County Prosecutor commenced proceedings in the Montcalm Circuit Court for the forfeiture of a house located at 301 East Cass Street in Greenville, Michigan, after a purchase of cocaine had been made in the house by an undercover police office and the owner of the house, Albert L. Burgenmeyer, had been found in possession of some of the proceeds of the sale and had confessed that he knew that drugs were being sold in his house. The court, Charles W. Simon, Jr., J., sua sponte, ordered Burgenmeyer to show cause why the property should not be forfeited and, following a hearing, ordered the forfeiture. Burgenmeyer appealed, arguing that, along with other procedural and evidentiary rights, he should have been given adequate time to prepare for the hearing, been allowed discovery, and been allowed to litigate the question of the voluntariness of his confession and the legality of the search of his house.

The Court of Appeals *held:*

1. Forfeiture proceedings brought pursuant to the controlled substances provisions of the Public Health Code are subject both to the rules of evidence and to the rules of civil procedure. The trial court's failure to permit Burgenmeyer to proceed in accordance with those rules cannot be said to be error that is harmless beyond a reasonable doubt. Accordingly, a new hearing is required.

2. A jury trial is not available in forfeiture proceedings, the proceedings being statutory in nature and the statute making no provision for a jury trial.

3. The fact that the property was not placed under seal did

REFERENCES

Am Jur 2d, Forfeitures and Penalties §§ 17 *et seq.*

Timeliness of institution of proceedings for forfeiture under Uniform Controlled Substances Act or similar statute. 90 ALR4th 493.

Real property as subject of forfeiture under Uniform Controlled Substances Act or similar statutes. 86 ALR4th 995.

Lawfulness of seizure of property used in violation of law as prerequisite to forfeiture action or proceeding. 8 ALR3d 473.

not deprive the court of jurisdiction to order forfeiture. The necessary possession and control of the property may be established in some other manner.

Reversed and remanded.

1. FORFEITURES AND PENALTIES — RULES OF EVIDENCE — RULES OF CIVIL PROCEDURE — CONTROLLED SUBSTANCES.

Both the rules of evidence and the rules of civil procedure apply to forfeiture proceedings brought under the controlled substances provisions of the Public Health Code (MCL 333.7521 *et seq.*; MSA 14.15[7521] *et seq.*).

2. FORFEITURES AND PENALTIES — FORFEITURE PROCEEDINGS — JURY TRIAL.

Forfeiture proceedings, being statutory in nature and unknown at common law, are not triable by jury, absent a statutory mandate.

3. FORFEITURES AND PENALTIES — PROCEEDINGS IN REM — CONTROL OF RES.

A forfeiture proceeding brought under the controlled substances provisions of the Public Health Code is a proceeding in rem that requires that the state be in possession and control of the res in order for the court to have jurisdiction to enter an order of forfeiture; although the state has the statutory power to place under seal real property that is the subject of a forfeiture, placing such property under seal is not the exclusive method of exercising possession and control over the property (MCL 333.7523[2]; MSA 14.15[7523][2]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Bruce E. Basom,* Prosecuting Attorney, for the people.

*Twohey Maggini* (by *Anthony J. Valentine*), for the claimant.

Before: HOOD, P.J., and SHEPHERD and K. N. SANBORN,* JJ.

PER CURIAM. Claimant appeals as of right from an order of forfeiture of his house and certain of

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

its contents under MCL 333.7521(f); MSA 14.15(7521)(f). We reverse.

A person who had been a guest in claimant's home sold cocaine to an undercover agent who made payment with marked bills. Claimant and the seller were arrested near the home shortly thereafter. Marked money was found on claimant and in his safe-deposit box. Claimant confessed that he knew drugs were being sold out of his home.

Notices of seizure and intent to forfeit were served two to three weeks after defendant's arrest. A petition for forfeiture was served twenty-one days thereafter. The trial court, sua sponte, issued an order to show cause why the property should not be forfeited, and a hearing was held on the business day after claimant's answer to the petition was due. Forfeiture was ordered at the conclusion of that hearing.

Claimant complains of the summary procedures followed in this case, including the failure to serve him with a summons, the failure to attach an itemized list of items to the complaint, the issuance sua sponte of a show cause order, the lack of adequate time to prepare for the hearing, the failure to hold a pretrial conference, and the failure to allow discovery or to allow him to litigate the affirmative defenses raised in his answer, including the voluntariness of his confession and the legality of the search of his home. The prosecutor argues that the statute contemplates a summary procedure and that, even if there were errors below, they were harmless in light of the overwhelming evidence against claimant. For the reasons outlined herein, we disagree.

The controlled substances article of the Public Health Code allows the forfeiture of "[a]ny thing of value that is furnished or intended to be fur-

nished in exchange for a controlled substance . . .
in violation of this article or . . . that is traceable
to an exchange for a controlled substance, . . . or
that is used or intended to be used to facilitate any
violation of this article." MCL 333.7521(f); MSA
14.15(7521)(f). The statute requires a substantial
connection between the property and the criminal
activity. *In re Forfeiture of $5,264,* 432 Mich 242,
244-245; 439 NW2d 246 (1989). The prosecution
has the burden of proving its case by a preponder-
ance of the evidence. *In re Forfeiture of $15,232,*
183 Mich App 833, 836; 455 NW2d 428 (1990).
Although the statute contains certain deadlines
and notice requirements, it does not explicitly
provide rules of procedure, except that it allows
for the summary forfeiture of drugs and plants
used to produce drugs. See MCL 333.7523(1); MSA
14.15(7523)(1), concerning notice and deadlines,
and MCL 333.7525; MSA 14.15(7525), concerning
summary forfeiture.

"The Michigan Court Rules govern practice and
procedure in all courts" except where more specific
rules are provided. MCR 1.103. There are no more
specific rules provided for penalty forfeiture pro-
ceedings. Summary forfeitures are explicitly al-
lowed only in cases involving "an executory con-
tract for the purchase of premises." MCR 4.202(A).
Penalty forfeiture proceedings are likewise not
included in the list of proceedings during which
discovery may not be had. See MCR 2.302(A)(2)
and (3); see also *In re Forfeiture of $1,159,420,* 194
Mich App 134; — NW2d — (1992), applying the
civil procedure and discovery rules in a forfeiture
proceeding, and *In re Forfeiture of One 1987 GMC
Station Wagon,* 186 Mich App 540, 543-546; 465
NW2d 334 (1990), which held that the owner of
forfeitable property was not the disobedient party
and therefore was not subject to discovery sanc-

tions for his son's refusal to submit to discovery by the prosecutor. Therefore, we find no support for the contention that the rules of civil procedure do not apply to forfeiture proceedings. We also note that whether and how show cause orders are properly issued is governed by the rules of civil procedure, which militates strongly against the proposition advocated by the prosecutor.

Also noteworthy is the fact that the majority of courts considering the issue have applied the rules of evidence, including the exclusionary rule, to forfeiture proceedings. See *Conservation Dep't v Brown,* 335 Mich 343, 350-351; 55 NW2d 859 (1952) (reviewing legality of a seizure of illegally used fishing nets during a forfeiture proceeding); *In re $15,232, supra,* 183 Mich App 834-837 (hearsay not admissible); *In re Forfeiture of $28,088 of United States Currency,* 172 Mich App 200, 206; 431 NW2d 437 (1988) (reviewing validity of a search warrant during a forfeiture proceeding); *In re Forfeiture of United States Currency,* 171 Mich App 684, 686-687; 431 NW2d 42 (1988) (reviewing legality of investigative stop during a forfeiture proceeding); *In re Forfeiture of United States Currency,* 166 Mich App 81, 89, 91-92; 420 NW2d 131 (1988) (holding that a suppression issue decided in a criminal case could not be relitigated in a forfeiture proceeding, but that the rules of evidence should be strictly applied).

We note that the ruling in *In re Forfeiture of One 1985 Mercedes Benz,* 174 Mich App 203, 205; 435 NW2d 426 (1988), in which a panel of this Court indicated that hearsay evidence was admissible in a forfeiture proceeding, goes against the weight of authority. As noted in *In re $15,232, supra,* 183 Mich App 836-837, the *Mercedes Benz* case relied on federal law developed under the federal forfeiture statute that provides for a forfei-

ture proceeding that is in the nature of a hearing to determine probable cause and, therefore, a proceeding in which the use of hearsay is proper. See also MRE 1101(b)(3), which provides that rules of evidence do not apply in probable cause proceedings. Michigan law, on the other hand, unlike the federal forfeiture law, requires proof by a preponderance of the evidence. We note further that forfeiture proceedings are not mentioned in the list of situations in which the rules of evidence do not apply. MRE 1101(b). We therefore conclude that both the rules of evidence and the rules of civil procedure apply in forfeiture proceedings.

However, whether illegally seized property is subject to forfeiture at all is a matter that should be considered initially by the trial court. We note that, since the seizure in this case, the statute has been amended to provide for seizure without process "[i]ncident to a *lawful* arrest, [or] pursuant to a search warrant." MCL 333.7522(a); MSA 14.15(7522)(a) (emphasis added). However, cases decided before this amendment held that illegally seized property was nevertheless subject to forfeiture as long as only untainted evidence was introduced at the forfeiture hearing. See *In re $28,088, supra,* 172 Mich App 206; *In re United States Currency, supra,* 166 Mich App 89. We express no opinion concerning the proper resolution of this question or the resolution of claimant's other affirmative defenses.

After carefully reviewing the record, we agree that the evidence supporting forfeiture in this case seems overwhelming. However, we cannot conclude that the errors described above were harmless beyond a reasonable doubt. "An error may be intolerably offensive to the maintenance of a sound judicial system . . . if it deprived the defendant of a fundamental element of the adversarial

process." *People v Furman,* 158 Mich App 302, 318; 404 NW2d 246 (1987). We find that the errors below did just that, and, therefore, reversal is required.

Next, claimant argues that he had the right to a trial by jury. We disagree. Forfeiture proceedings are statutory proceedings that were unknown at common law and, therefore, absent a statutory mandate, are not triable by a jury. *Conservation Dep't v Brown, supra* at 349-350.

Lastly, claimant argues that because the seizing law enforcement agency did not place the house under seal or post notices, the seizing agency was not in possession of the same and, therefore, the trial court lacked jurisdiction. We agree that "[t]he general rule in such [in rem] proceedings is that possession or control over the subject matter or res of the action is essential to the court's jurisdiction to enter a judgment." *In re $28,088, supra,* 172 Mich App 203 (court has jurisdiction if law enforcement agency has possession or control over the res). However, contrary to claimant's argument, the statute does not require that the property be placed under seal; it provides that the home "may" be placed under seal or removed or turned over to an administrator. See MCL 333.7523(2)(a)-(c); MSA 14.15(7523)(2)(a)-(c). The statute does not exclude other methods of exercising possession or control. On remand, the trial court is to resolve this issue before trial on the merits.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.