# STATE OF MICHIGAN

# COURT OF APPEALS

IN RE FORFEITURE OF $11,377

CITY OF ALBION and CALHOUN COUNTY
SHERIFF DEPARTMENT,

UNPUBLISHED
July 14, 2015

Plaintiffs-Appellees,

v

No. 321641
Calhoun Circuit Court
LC No. 2013-000645-FC

$11,377, GLOCK 23.40 CAL WITH 1
MAGAZINE, and SONY DCR-TRV 11 DIGITAL
CAMERA,

Defendants,

and

BRYE DANIEL ROUNDS,

Claimant-Appellant.

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

Claimant appeals as of right the trial court's order granting plaintiffs' motion to deem their second requests for admissions as admitted and granting summary disposition in favor of plaintiffs. Claimant further appeals the trial court's order forfeiting $11,377.00 in U.S. currency, a Glock 23.40 caliber handgun, and a Sony DCR-TRV11 digital camera to plaintiffs. We affirm.

On November 2, 2012, the Calhoun County Sheriff's Department attempted to pull over a vehicle driven by claimant for a moving violation and for suspected drunk driving. Claimant tried to elude the traffic stop and eventually crashed into a tree at the side of the road. Claimant was removed from the vehicle and admitted using intoxicants that night before driving. He was arrested at the scene. Officers searched claimant's vehicle and found $9,034.00 in currency lying next to a Glock 40 cal handgun. They also found a digital scale and a Sony digital camera in the vehicle. Claimant had an additional $2,343.00 on his person. Claimant ultimately pleaded guilty to fleeing and eluding.

On November 19, 2012, plaintiffs filed a Notice of Seizure and Intent to Forfeit Property concerning the currency found in the vehicle and on claimant's person, the handgun, and the digital camera. Claimant replied to the notice and posted bond on December 2, 2012. On March

-1-

1, 2013, plaintiff's initiated this forfeiture action, asserting that upon information and belief Claimant was manufacturing or delivering a controlled substance and that he did not obtain the seized currency through legitimate means.

Plaintiffs served their first requests for admission on claimant on March 28, 2013. Claimant responded to the same on April 24, 2013, asserting his 5th amendment right against self incrimination in response to the vast majority. Thereafter, claimant's counsel withdrew. On August 9, 2013, claimant was sentenced for fleeing from the police and sentenced to a jail term stemming from the November 2, 2012, incident. Plaintiffs served a second request for admissions upon claimant on August 21, 2013, while he was serving his jail sentence. On September 12, 2013, plaintiffs moved to have their first requests for admissions deemed admitted due to claimant's failure to supplement his responses to the same once his criminal charges were resolved and he no longer had a 5th Amendment concern. Plaintiffs concurrently filed a motion for summary disposition pursuant to MCR 2.116(C)(10), asserting that claimant failed to answer their second requests for admissions such that they are deemed admitted. Plaintiffs argued that because the admissions were that the property seized was proceeds obtained from illegal drug trafficking or property purchased with proceeds from illegal drug trafficking, there was no genuine issue of material fact as to the allegations in plaintiffs' complaint.

The trial court provided claimant with a period of time in which to respond to plaintiffs' second requests for admissions, ordering that if no response was made within the provided timeframe, plaintiffs' motions for summary disposition and to deem admitted would be granted. Although Claimant provided the ordered responses in a timely manner, the trial court granted plaintiffs' motion for summary disposition as to liability as well as their motion to deem admitted. The trial court scheduled a hearing to allow claimant to prove a legitimate source for the seized funds. Claimant failed to do so, resulting in the trial court entering an order of forfeiture on February 12, 2014.

On appeal, claimant first contends that plaintiffs did not timely initiate forfeiture proceedings as required by statute. According to claimant, the forfeiture proceedings are thus negated. We disagree.

We review issues of statutory construction de novo. *City of Riverview v Sibley Limestone*, 270 Mich App 627, 636; 716 NW2d 615 (2006). Plaintiffs seized the property at issue pursuant to MCL 333.7522 which provides:

> Property that is subject to forfeiture under this article or pursuant to section 7521 may be seized upon process issued by the circuit court having jurisdiction over the property. Seizure without process may be made under any of the following circumstances:
>
> (a) Incident to a lawful arrest, pursuant to a search warrant, or pursuant to an inspection under an administrative inspection warrant.
>
> (b) The property is the subject of a prior judgment in favor of this state in an injunction or forfeiture proceeding under this article or pursuant to section 17766a.

(c) There is probable cause to believe that the property is directly or indirectly dangerous to health or safety.

(d) There is probable cause to believe that the property was used or is intended to be used in violation of this article or section 17766a.

Because the property was seized pursuant to MCL 333.7522, "forfeiture proceedings shall be instituted promptly." MCL 333.7523(1). The forfeiture proceedings require the state to notify the owner of the property that the property has been seized (MCL 333.7523(1)(a)) and require the seizing agency to notify the prosecuting attorney or attorney general of the seizure of the property and the intent to forfeit the property unless all criminal proceedings relating to the property have been completed (MCL 333.7523(1)(b)). Additionally, any person claiming an interest in the seized property may, within 20 days after receipt of the notice file a written claim expressing his or her interest in the property and posting a bond in the amount of 10% of the value of the claimed property. MCL 333.7523(c). The claim and bond are thereafter submitted to:

> the attorney general, the prosecuting attorney for the county, or the city or township attorney for the local unit of government in which the seizure was made. The attorney general, the prosecuting attorney, or the city or township attorney shall promptly institute forfeiture proceedings after the expiration of the 20-day period. However, unless all criminal proceedings involving or relating to the property have been completed, a city or township attorney shall not institute forfeiture proceedings without the consent of the prosecuting attorney or, if the attorney general is actively handling a case involving or relating to the property, the attorney general. [MCL 333.7523(c)]

In determining whether a forfeiture proceeding was instituted promptly, this Court must consider " 'the lapse of time between seizure and filing of the complaint, the reason for the delay, the resulting prejudice to the defendant and the nature of the property seized.' " *In re Forfeiture of One 1983 Cadillac*, 176 Mich App 277, 280–281; 439 NW2d 346 (1989), quoting *Dep't of Natural Resources v Parish*, 71 Mich App 745, 750; 249 NW2d 163 (1976).

In this case, claimant's property was seized on November 2, 2012, he was served with a notice of seizure and intent to forfeit property on November 19, 2012, and he posted a bond for the seized property on or about December 7, 2012. Pursuant to MCL 333.7523(c), 20 days after claimant was served with the notice of forfeiture, "[t]he attorney general, the prosecuting attorney, or the city or township attorney shall promptly institute forfeiture proceedings." That requirement is not without exception, given that MCL 333.7523(c), goes on to state that, "[h]owever, unless all criminal proceedings involving or relating to the property have been completed, a city or township attorney shall not institute forfeiture proceedings without the consent of the prosecuting attorney . . . ." It is undisputed that forfeiture proceedings were initiated with respect to claimant's property on March 1, 2013. At that time, criminal proceedings involving or relating to the property had not yet been resolved.

Plaintiffs assert that the prosecuting attorney did not authorize forfeiture proceedings until February 28, 2013, and that because they initiated forfeiture proceedings the next day, the proceedings were timely. Claimant has not argued or presented evidence concerning an alternate authorization date by the prosecuting attorney, and there is no requirement in the statute that the prosecuting attorney authorize forfeiture proceedings within a specified time frame. Because the statute indicates that forfeiture proceedings are to be initiated 20 days after a claimant is served with a notice of forfeiture but contains an additional qualifier applicable to situations, such as here, wherein criminal proceedings "involving or relating to the property" have not yet been resolved, the Legislature clearly contemplated that forfeiture proceedings would at times be brought more than 20 days after a claimant had been served.

Applying the factors set forth in *In re Forfeiture of One 1983 Cadillac*, 176 Mich App at 280–281, we are satisfied that the forfeiture proceedings were initiated in a timely manner. First, we acknowledge that the lapse of time between seizure and filing of the complaint was approximately four months-the same amount of time as was found to be too long in *In re Forfeiture of One 1983 Cadillac*, 176 Mich App 277. However, that Court also declined to adopt a bright line test with respect to this factor, stating "[e]ach case will present its own unique facts." *Id*. at 281-282. We do not find four months to be per se unreasonable. This factor weighs in favor of neither party.

Next, the reason for the delay was the lack of authority from the prosecuting attorney, without which plaintiffs *could not*, according to MCL 333.7523(c), initiate the forfeiture proceedings. Thus, the reason for delay was beyond the control of plaintiffs. There is no indication that the prosecutor in this case, unlike the prosecutor in *In re Forfeiture of One 1983 Cadillac*, 176 Mich App 277, was searching for further assets of claimants against which to bring forfeiture proceedings, which would have no bearing on whether forfeiture proceedings could be brought with respect to the already seized items. As stated in *Michigan Dept of Natural Res v Parish*, 71 Mich App 745 at 751:

> Closely related to length of delay is the reason the government assigns to justify the delay. Here, too, different weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay. [quoting *Barker v Wingo*, 407 US 514, 531; 92 S Ct 2182; 33 L Ed 2d 101 (1972)].

The record before us does not disclose the circumstances underlying the delay by the prosecuting attorney in granting authority to proceed. Whatever the reason, the fact remains that there is no indication that plaintiffs were engaged in a deliberate attempt to hamper the defense or that the delay was within the control of plaintiffs. Rather they could not, pursuant to statute, initiate forfeiture proceedings absent such authority. This factor thus weighs in favor of plaintiffs.

-4-

The third factor is the resulting prejudice to the claimant. *In re Forfeiture of One 1983 Cadillac*, 176 Mich App at 280-281. Claimant asserts prejudice in that the seized money constituted his life savings and prevented him from properly compensating his counsel in the criminal proceedings against him, which in turn caused counsel to withdraw and forced him to proceed pro per. However, claimant has not claimed or established that he attempted to procure alternate counsel and was unable, or that the results of the proceeding would have been different but for the withdrawal of his prior counsel. Moreover, claimant asserted that he was transporting the cash to a home to keep there. The cash, unlike a vehicle or other such asset, did not depreciate in value during its seizure and claimant did not have to make payments on the cash during its seizure. Cf. *Michigan Dept of Natural Res v Parish*, 71 Mich App at 752; *In re Forfeiture of One 1983 Cadillac*, 176 Mich App at 282. This factor weighs in favor of plaintiffs.

The final factor is the nature of the property seized. *In re Forfeiture of One 1983 Cadillac*, 176 Mich App at 280-281. Further explaining this factor, a panel of this Court commented:

> Not only may the nature of the property bear directly upon the resulting prejudice to the defendants, it may also reflect the importance of the government's interest in the property. If property is seized as the instrumentality of a crime, the property may itself be inherently harmless, such as an automobile or boat. If so, the government's interest in seizure is primarily to punish the property owner for allowing his goods to be so employed. Alternatively, the property may be contraband, that is, illegal to possess, such as certain types of weapons or drugs. In such a case, the government's interest is to protect society from the harmful effects of the goods. This, we feel is the superior motive and justifies greater indulgence of delay on the part of the government. The property seized in the instant case, boats and nets, clearly is within the former category and this should weigh in the defendants' favor in the trial court's consideration. [*Michigan Dept of Natural Res v Parish*, 71 Mich App at 753-54].

Again, the property seized in this matter was a relatively large amount of cash, a handgun, and digital camera. The properties are not contraband[1] and are thus instrumentalities of the crime. This factor weighs in favor of claimant.

Taking the facts of the case as a whole, and considering that only one of the four factors set forth in *In re Forfeiture of One 1983 Cadillac*, 176 Mich App 277 weigh in claimant's favor, we find that plaintiffs initiated forfeiture proceedings in a timely manner.

Claimant next contends that plaintiffs' second request for admissions should not have been deemed admitted for two reasons. First, according to claimant, the questions in the request are materially misleading as many of the questions are exact replicates of other questions. Second, claimant asserts that his answers were, when taken in context, responsive to the questions asked constituted denials of the requests to admit.

---

[1] It is unclear to this Court whether the handgun was registered to claimant.

We review a trial court's decision to deem admitted untimely answers to a request for admissions for an abuse of discretion. *Medbury v Walsh*, 190 Mich App 554, 556-557; 476 NW2d 470 (1991). "The admissions resulting from a failure to answer a request for admissions may form the basis for summary disposition." *Id.* This does not mean, however, that the failure to properly answer the requests for admissions requires the trial judge to automatically enter summary judgment--even if the admissions cover the entire suit. *Janczyk v Davis*, 125 Mich App 683, 691; 125 NW2d 272 (1983). "The trial judge has the discretion to allow the party to file late answers or even to amend or withdraw the answers." *Id.;* see also MCR 2.312(D)(1). We review de novo the trial court's grant or denial of summary disposition to determine whether the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

Plaintiffs initially served their Second Request for Admissions on claimant (who was acting in pro per) while he was an inmate at the Calhoun County jail in August 2013. When he failed to respond, the trial court allowed claimant until November 8, 2013, to provide responses to plaintiffs and the trial court. Claimant submitted handwritten responses, while he was still incarcerated and acting in pro per, to plaintiffs (but not the trial court) on or around October 25, 2013. Plaintiffs thereafter moved to have their Second Request for Admissions deemed as admitted based on their assertion that claimant's responses to certain requests did not meet the substance of the requests and, when the responses were deemed admitted, summary disposition would be appropriate in plaintiffs' favor.

Plaintiffs specifically took issue with claimant's responses to Second Requests for Admissions 3. and 5. Request for Admission 3. requested that claimant admit "[t]hat the $11,377.00 in U.S. Currency in this matter was used or intended to be used to facilitate a violation of the Michigan Controlled Substances Act." Claimant responded as follows:

> 3. Currency was my life savings over a period of 7 years. Majority of the bills was very molded to the point it was undesirable to handle. The currency that wasn't was mostly from the casinos redemption kiosk machine.
>
> 3.a. I can provide documents of large amounts of currency being received to me in the past. Due to being incarcerated I cannot with request for admissions.

It is true that the above is not responsive to the question posed. However, as pointed out by claimant, Request 3. is very similar to Request 1., which asks claimant to admit "[t]hat the $11,377.00 in U.S. Currency in this matter was furnished or intended to be furnished in exchange for a controlled substance." Claimant's response to Request 1. was:

> 1. The U.S. Currency of $11,377 was never from or to be used for a controlled substance. It was needed to be furnished for a[] log splitter and for a tractor and/or intended as common everyday purchases and bills.
>
> 1.a. Documents were sent of my bills in previous request of [sic] admissions.

Given claimant's unequivocal denial in response to Request 1. "That the money was from or to be used for a controlled substance." and his explanation of what the money was to be used for, coupled with his response in 3., it would be illogical to deem claimant's response to Request 3.

-6-

as an admission that the monies were "used or intended to be used to facilitate a violation of the Michigan Controlled Substances Act."

Request for Admission 5. requested that claimant admit "[t]hat the $11,377.00 in U.S. Currency in this matter is traceable to an exchange for a controlled substance." Claimant's response was:

> 5. The currency was placed in vehicle in a secure location that day of arrest was being transported from my home to a safe place at my girlfriends. The only place I stopped at was at the Fire Keeper's Casino.

This response, while not artfully worded, and while not containing the word "denied" does purport to deny that the money was traceable to an exchange for a controlled substance. Claimant indicates that he was transporting the money from one location to another. And, again, in response to Request 1. claimant had stated that the money "was never from or to be used for a controlled substance." Claimant's responses to plaintiffs' requests for admissions, as a whole, denied that the money was not from or to be used for controlled substances.

Regardless of whether the responses were deemed inadequate, the trial court did not appear to base its decision on claimant's alleged failure to properly respond to the requests for admission or find that the lack of proper responses rendered the requests as admitted. At the December 2, 2013, hearing on plaintiffs' motion to deem admitted and for summary disposition, the trial court stated that claimant's answers concerning the money did not "comply with what the police found." The trial court's also stated that claimant's answers to plaintiffs' requests for admissions did not comport with the "pretty strong circumstantial evidence" and that the allegations contained in the complaint seemed "far more realistic and far more truthful than what your written admissions are." No witnesses testified at the hearing. The trial court found in plaintiffs' favor as to liability but gave claimant an opportunity "to prove the contrary," stating that there would be a hearing as to the amount of the damages and instructed claimant that he "better have all [his] proofs." The trial court thus based its decision as to liability upon its view that plaintiffs' theory was more believable than claimant's. This leads, in turn, to claimant's final issue on appeal.

Claimant asserts that plaintiffs failed to prove by a preponderance of the evidence that the seized property was subject to forfeiture. Forfeiture proceedings are "in rem civil proceedings and the government has the burden of proving its case by a preponderance of the evidence." *In re Forfeiture of $15,232*, 183 Mich App 833, 836; 455 NW2d 428 (1990). The findings of fact of a trial court will not be set aside on appeal unless we find that they are clearly erroneous. *In re Forfeiture of $5,264*, 432 Mich 242, 260; 439 NW2d 246 (1989). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 260 (quoting *Smith v Michigan State Accident Fund*, 403 Mich 201, 204; 267 NW2d 909 (1978)).

According to MCL 333.7521(1)(f), the following property is subject to forfeiture:

Anything of value that is furnished or intended to be furnished in exchange for a controlled substance, an imitation controlled substance, or other drug in violation of this article that is traceable to an exchange for a controlled substance, an imitation controlled substance, or other drug in violation of this article or that is used or intended to be used to facilitate any violation of this article including, but not limited to, money, negotiable instruments, or securities. To the extent of the interest of an owner, a thing of value is not subject to forfeiture under this subdivision by reason of any act or omission that is established by the owner of the item to have been committed or omitted without the owner's knowledge or consent. Any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) is presumed to be subject to forfeiture under this subdivision. This presumption may be rebutted by clear and convincing evidence.

"The statute requires a substantial connection between the property and the criminal activity." *In re Forfeiture of 301 Cass Street*, 194 Mich App 381, 384; 487 NW2d 795 (1992). Although a connection to a specific drug sale need not be shown, the assets must be traceable to drug trafficking. *In re Forfeiture of $1,159,420*, 194 Mich App 134, 146; 486 NW2d 326 (1992). "In contrast, property that has only an incidental or fortuitous connection to the unlawful activity is not subject to forfeiture." *Id.*

In the present case, the property at issue was not found in proximity to a controlled substance per se. The evidence potentially linking the property and controlled substances appears in two forms. First, plaintiffs presented an affidavit of Deputy Brent Lincoln stating that the property was found in claimant's vehicle along with a digital scale that had apparent residue on it, which he believed to be a controlled substance. It is undisputed that no test was performed to confirm Deputy Lincoln's belief. In his responses to plaintiffs' second request for admissions, claimant, on the other hand, indicated that the scale was a kitchen table top scale and that he used the scale in the process and preparation of venison jerky. Claimant stated that he processed his own deer and weighed meat, spices, vegetables, smoked fish and curing compounds on the scale, among other things. When given an opportunity to present any documentation, witnesses, or other evidence to support his assertions at a February 3, 2014, hearing, claimant failed to do so.

Second, several months after the property had been seized, a K9 alerted on the currency seized from claimant. However, the presumption of forfeiture does not "apply to the money [] merely because it bears an odor of a controlled substance and could have been in close proximity to a controlled substance at some point in time." *In re Forfeiture of $18,000*, 189 Mich App 1, 4; 471 NW2d 628 (1991). The United States Court of Appeals for the Eighth Circuit has declared, "[I]t is well-established that an extremely high percentage of all cash in circulation in America today is contaminated with drug-residue . . . contamination, alone, is virtually meaningless and gives no hint of when or how the cash became so contaminated." *Muhammed v Drug Enforcement Agency, Asset Forfeiture Unit*, 92 F3d 648, 653 (CA 8 1996). The Sixth Circuit has also held that a dog's positive alert to the presence of cocaine odor on currency is "insufficiently indicative of probable cause." *United States v $5000.00 in United States Currency*, 40 F3d 846, 850 (CA 6, 1994). The alert of the K9 on money held by the police for many months is thus of little value.

Plaintiffs assert that under MCL 333.7521(f), any money found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) is presumed to be subject to forfeiture and that the money was found in close proximity to the digital scale, with suspected controlled substance residue on it. According to plaintiffs, the digital scale is subject to forfeiture under subdivision (b) thus raising the presumption that the money was forfeitable. Property subject to forfeiture under MCL 333.7521(1)(b) includes equipment of any kind that is used or intended for use in "manufacturing, compounding, processing, delivering, importing, or exporting a controlled substance." A digital scale can, indeed, be deemed used or intended for use in connection with controlled substances.

In forfeiture proceedings, the government has the burden of proving its case by a preponderance of the evidence. *In re Forfeiture of $15,232*, 183 Mich App at 836. "Preponderance of evidence" means, "such evidence as, when weighed with that opposed to it, has more convincing force, and from which it results that the greater probability is in favor of the party upon whom the burden rests." *Jones v E Michigan Motorbuses*, 287 Mich 619, 642; 283 NW 710 (1939). In this case, potentially admissible evidence demonstrated that claimant fled from the police when they attempted to pull him over for suspected drunk driving, that a scale containing what a deputy swore he believed to be a controlled substance, a handgun, a digital camera, and over $11,000 in cash were found in claimant's vehicle, and that a police dog alerted to the scent of narcotics on money seized from claimant's vehicle months after it was seized. Additional evidence presented by plaintiffs included a statement from the Fire Keeper's Casino that claimant had not used his player's card there in over a month and that no payout had been made to claimant on the night in question, despite claimant's claim that he had won several hundred dollars at that casino on the night of his arrest.

We conclude that there was enough of a nexus established between illegal activity and the money to support the forfeiture order for the cash. When given the opportunity to present any admissible evidence on his own behalf, claimant failed to do so. Thus, there was no admissible evidence to oppose claimant's evidence, scant as it may be. The same holds true for the gun and the camera.

Affirmed.

/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Deborah A. Servitto