# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FORFEITURE of $2,036.

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

$2,036,

        Defendant,

and

DANIEL TREVINO,

        Claimant-Appellee.

UNPUBLISHED
April 24, 2018

No. 337626
Jackson Circuit Court
LC No. 14-003104-CF

Before: MURPHY, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

In this civil forfeiture action, the prosecutor appeals the trial court's order granting, on reconsideration, claimant's motion to suppress the subject of the forfeiture, $2,036, as well as claimant's attendant motion for a directed verdict. We reverse and remand for further proceedings consistent with our Supreme Court's decision in *In re Forfeiture of $180,975*, 478 Mich 444; 734 NW2d 489 (2007).

Law enforcement encountered claimant throwing bags of trash into a garbage receptacle located in a parking lot, and there was a parked vehicle nearby, which police connected to claimant, with a female sitting in the driver's seat. The police eventually discovered marijuana and alleged drug paraphernalia in the vehicle, and $2,036 was found on claimant's person as part of a patdown search. The prosecution commenced a civil forfeiture action relative to the cash, alleging that the money was found in close proximity to the marijuana and constituted proceeds from narcotics trafficking. The claimant filed a motion to suppress the money, along with other evidence, including the marijuana, asserting a violation of the Fourth Amendment. One of the issues concerning the search and seizure was whether claimant had consented to the patdown search. The trial court denied the motion following an evidentiary hearing.

-1-

A bench trial commenced on the civil forfeiture action, and after the prosecution had presented its case, claimant requested and received a stay because of a federal criminal investigation. Subsequently, the forfeiture trial was scheduled to resume and claimant filed a motion for reconsideration with respect to the denial of the motion to suppress. At the beginning of the resumed trial, the court decided to grant claimant's motion for reconsideration, suppressed the $2,036, and granted claimant's oral motion for a directed verdict. The trial court now determined that, given claimant's history of not cooperating with the police, it was unlikely that claimant would have consented to the patdown search or allow the officer to pull the money from claimant's pocket. The court also changed its view regarding the officer's testimony on consent, now questioning whether the officer would have remembered the incident with clarity.[1] As soon as the trial court ruled that it was suppressing the $2,036, the court stated in reference to claimant, "So, he's got his money back." Claimant then moved for a directed verdict,[2] which the trial court granted without hesitation or providing any reasoning and without waiting to hear from the prosecutor. Although claimant's motion to suppress and the motion for reconsideration encompassed more than just the cash,[3] it is beyond reasonable dispute that the court's ruling expressed from the bench only pertained to the cash.[4] We can reach no other conclusion but that the trial court believed that the suppression or exclusion of the money necessitated the dismissal of the prosecutor's civil forfeiture action. On this point, the trial court had a fundamental misunderstanding of the law.

In *Forfeiture of $180,975*, 478 Mich at 446-447, the Michigan Supreme Court addressed the application of the exclusionary rule in civil forfeiture proceedings, stating and holding as follows:

> In this case we consider the proper application of the exclusionary rule in a civil forfeiture proceeding in which the property subject to forfeiture has been illegally seized. We further consider whether *In re Forfeiture of United States Currency*, 166 Mich App 81; 420 NW2d 131 (1988), was correctly decided. In deciding these questions, we first hold that under *Immigration & Naturalization Serv v Lopez-Mendoza*, 468 US 1032; 104 S Ct 3479; 82 L Ed 2d 778 (1984), illegally seized property is not immune from forfeiture. We also agree with the holding in *United States v $639,558*, 293 US App DC 384, 387; 955 F2d

---

[1] The trial court observed, "[T]hey've got 50 stops a day and trying to remember the details of each stop is not always possible to that degree."

[2] We note that in the context of a bench trial, the proper terminology is "involuntary dismissal," MCR 2.504(B)(2), not "directed verdict," which applies in jury trials, MCR 2.516.

[3] In the motion for reconsideration, claimant requested the court to "suppress all evidence seized in this matter[.]"

[4] We recognize that the written order entered by the court simply provided that the motion to suppress was granted on reconsideration; however, the order also indicated that it was being entered for the reasons stated on the record. Again, at no point did the court address any evidence other than the cash.

712 (1992), that property subject to forfeiture that was illegally seized "is not 'excluded' from the proceeding entirely." Instead, the illegally seized property "may be offered into evidence for the limited purpose of establishing its existence, and the court's *in rem* jurisdiction over it." *Id.*

Because we find that the exclusionary rule was never meant to preclude illegally seized property from a subsequent civil forfeiture proceeding involving that property, we hold that, in accord with *In re Forfeiture of United States Currency* and MCL 333.7521, as long as the order of forfeiture can be established by a preponderance of evidence untainted by the illegal search and seizure, the forfeiture is valid.

The Supreme Court provided clarifying language in its opinion that is very relevant here, observing and explaining:

While illegally seized evidence itself is physically excluded, it is not entirely excluded from the forfeiture proceeding. However, questions concerning this excluded evidence should be limited to the circumstances surrounding its existence. For example, in the case of illegally seized cash, the state should not be permitted to exploit the search by asking how the money was packaged, or whether evidence of drugs was detected on the money. In addition, any other legally obtained evidence may be introduced to support the forfeiture.

* * *

Because a basic purpose of a drug forfeiture proceeding is to establish that the item subject to forfeiture (here the $180,975 in cash) is connected to drug activity, a court cannot be forced to pretend that the cash does not exist. Nor must the court turn a blind eye to the conclusions one reaches when considering all of the circumstances surrounding its existence and its implications. Rather, we apply a commonsense approach to drug forfeiture hearings in which the item subject to forfeiture has been excluded from evidence: while the court may not consider the specific physical characteristics of the item itself, the court can consider evidence presented in relation to the fact of the item's existence, such as the fact that claimant's testimony about the money itself is questionable. This approach in no way redefines the judicially created exclusionary rule. Here, the court can consider the reliability of the claimant's testimony concerning the money's origin, its existence in her rental car[,] its intended purpose, the amount of the money in relation to her reported income, the fact that she was traveling along a known drug corridor in a rental car and that she had rented several cars in the preceding weeks, and any other circumstantial factors not specifically related to the physical characteristics of the money. [*Forfeiture of $180,975*, 478 Mich at 460-463.]

Here, the trial court involuntarily dismissed the prosecution's forfeiture case simply on the basis that it suppressed the cash, apparently believing that absent the admissibility of the subject of the forfeiture, i.e., the money, the forfeiture action could not be sustained. Our Supreme Court's opinion in *Forfeiture of $180,975* makes clear that such is not the law. The

-3-

money, even if physically inadmissible, can still be considered for myriad purposes at trial, as alluded to in *Forfeiture of $180,975*.[5] This includes contemplation of the amount of money being carried by claimant. Accordingly, the trial court erred by involuntarily dismissing the prosecution's civil forfeiture action. We remand to the trial court for application of *Forfeiture of $180,975*.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Kathleen Jansen
/s/ Brock A. Swartzle

---

[5] For this reason, and at this juncture, we find it unnecessary to address and resolve the issue whether the trial court erred in suppressing the money.